UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **DERWIN WAYNE POWERS** ) <br> ) <br> <u>Pro se</u> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **MAYOR ANTHONY WILLIAMS,** ) <br> ) <br> **GENERAL COUNSEL** ) <br> Office of the Attorney General, ) <br> ) <br> **EDWARD F. REILLY (CHAIRMAN)** ) <br> U.S. Parole Commission ) <br> ) <br> Defendants. ) <br> ) | Civil No. 06-0665(PLF) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendant, Edward F. Reilly, Chairman, U.S. Parole Commission, through the undersigned attorneys, hereby files this Opposition to Plaintiff's Motion to Remand this civil action to Superior Court for the District of Columbia. On March 13, 2006, Plaintiff brought suit in D.C. Superior Court against the above-named Defendants for alleged inaccuracies in his pre-sentence investigation report (PSI). <u>See</u>, Docket Report No. 1, Exhibit 2. On April 11, 2006, Defendant, Edward F. Reilly, Chairman, U.S. Parole Commission, filed a Notice of Removal pursuant to 28 U.S.C. §§ 1441, 1442(a)(1), and 1446 on the grounds that Plaintiff was bringing forth an action against an officer of the United States pursuant to the Privacy Act[1], a federal

---

[1] Included with Defendant's Notice of Removal was a copy of Plaintiff's Original Complaint to Superior Court, dated February 24, 2006. Although Plaintiff's grossly deficient Original Complaint failed to cite to any statute or law that had been allegedly violated, Defendant broadly interpreted it as a claim under the Privacy Act. Defendant's counsel has recently received a copy of Plaintiff's Amended Complaint filed in Superior Court on or about March 31, 2006. <u>See</u>, <u>Exhibit 1</u>. This Amended Complaint provides conclusive support for Defendant's original presumption that Plaintiff was seeking relief under the Privacy Act.

statute which the federal courts have original and exclusive jurisdiction over.  See, Docket Report No.1.  Plaintiff filed the instant Motion to Remand, pursuant to 28 U.S.C. § 1447(c), because the "Superior Court of the District of Columbia ahs (sic) original jurisdiction," and the claims deal with "District of Columbia laws of procedures (sic)."  See, Docket Report No. 4.  However, Plaintiff's Amended Complaint provides conclusive support for Defendant's position that the U.S. District Court, and not the D.C. Superior Court, has exclusive jurisdiction over this Privacy Act claim.   Because Defendant properly removed this case under 28 U.S.C. § 1441, Plaintiff's Motion to Remand this case to Superior Court should be denied.

     This Motion to Remand is based upon Plaintiff's misinterpretation or misunderstanding of the law in this case.  The federal removal statute authorizes removal of "any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States..." 28 U.S.C .§ 1441(b).   A civil action filed in state court may be removed to federal court if the claim arises under federal law.  See, Beneficial National Bank v. Anderson, 539 U.S. 1, 6 (2003) (citing 28 U.S.C. § 1441(b)). To determine whether a claim arises under federal law, the Court must "examine the 'well pleaded' allegations of the complaint and ignore potential defenses." Id. (citing Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152, (1908)). Under the "well-pleaded complaint rule," federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, (1987).

     Plaintiff's complaint alleges numerous violations of the Privacy Act § 552 by the Defendants' alleged use of incorrect information in Plaintiff's pre-sentence investigation (PSI) report and their alleged failure to maintain correct records.  Exhibit 1, p.1-3.  Clearly, the Privacy

Act, as set forth at 5 U.S.C. 552 *et seq.*, arises under federal law, making removal appropriate under 28 U.S.C .§ 1441(b)[2].

More importantly, this court not only has <u>original</u> jurisdiction over this case, but under the Privacy Act, the district court has <u>exclusive</u> jurisdiction to hear Plaintiff's claims. 5 U.S.C. 552(g)(1) ("....the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters...."). Therefore, removal of this case to the U.S. District Court is not only appropriate and warranted in this case, but is a prerequisite to Plaintiff's ability to maintain his cause of action.

For the foregoing reasons, Defendant, Edward F. Reilly, U.S. Parole Commission respectfully requests that this Court deny Plaintiff's Motion to Remand this case to Superior Court.

**May 3, 2006**

                _____/s/_____
                KENNETH L. WAINSTEIN., D.C. Bar #451058
                United States Attorney

                _____/s/_____
                RUDOLPH CONTRERAS D.C. Bar No. 434122
                Assistant United States Attorney

---

[2] Defendant also sought removal pursuant to 28 U.S.C 1442(a), because it was unclear whether Plaintiff was bringing suit under the Privacy Act or another cause of action. However, since Plaintiff's Amended Complaint clarifies that the Privacy Act is the sole basis for his claim, removal would be inappropriate under 1442(a) because the Privacy Act provides for civil remedies only against the <u>agency</u>, not against <u>individuals</u>. See, <u>Mittleman v. U.S. Treasury, *et al.*,</u> 773 F.Supp. 442, 450 (D.D.C. 1991); <u>Benham v. Rice</u>, 2005 WL 691871 *4 (D.D.C. 2005). Because Plaintiff can only maintain his Privacy Act claim against the U.S. Parole Commission, and not Edward Reilly in his official capacity as Chairman, removal can only be based on 28 U.S.C. 1441.

                          _____/s/_____
ERIC J. JANSON
Special Assistant U.S. Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-9150 (telephone)
(202) 514-8790 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DERWIN WAYNE POWERS ) | |
| ) | |
| _____Pro se **Plaintiff** ) | |
| ) | |
| v. ) | Civil No. 06-0665(PLF) |
| ) | |
| MAYOR ANTHONY WILLIAMS, *et al,* ) | |
| ) | |
| **Defendants.** ) | |

### O R D E R

This case having come before the Court on Plaintiff's Motion to Remand, upon consideration of Defendant's Opposition thereto, it is hereby **ORDERED** that Plaintiff's Motion to Remand is hereby **DENIED**, and it is **SO ORDERED**  this _____ day of _____, 2006.

_____
PAUL L. FRIEDMAN
UNITED STATES DISTRICT COURT JUDGE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 3, 2006, a true and correct copy of Defendant's Opposition to Plaintiff's Motion to Remand was served under the Court's ECF system and via first class mail, postage prepaid to:

>Derwin Wayne Powers
>Bureau of Prisions
>F.C.I. Petersburg
>P.O. Box 90043
>Petersburg, VA 23804

>_____/s/_____
>ERIC J. JANSON
>Special Assistant U.S. Attorney
>555 Fourth Street, N.W.
>Washington, D.C. 20530
>(202) 514-9150 (telephone)
>(202) 514-8780 (fax)