## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DERWIN W. POWERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-0665 (PLF) |
| | ) | |
| MAYOR ANTHONY WILLIAMS, *et al*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## **DEFENDANT'S MOTION TO DISMISS**

Defendant, Edward F. Reilly, Chairman, U.S. Parole Commission, respectfully requests that this Court dismiss this case for failure to state a claim pursuant to F.R.C.P. 12(b)(6) and for improper venue under F.R.C.P. 12(b)(3).  Defendant respectfully refers the Court to the accompanying Memorandum of Points and Authorities in Support of this Motion, filed together with this Motion.  Defendant also includes a proposed Order providing the relief sought herein.

Plaintiff, who is proceeding pro se, is hereby advised that failure to respond to a dispositive motion may result in the district court granting the motion and dismissing the case. See, Fox v. Strickland, 837 F.2d 507, 509 (D.C. Cir. 1988).

June 9, 2006                                    Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

_____
RUDOLPH CONTRERAS D.C. Bar No.  434122
Assistant United States Attorney

_____
ERIC J. JANSON
Special Assistant United States Attorney

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DERWIN W. POWERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-0665 (PLF) |
| | ) | |
| MAYOR ANTHONY WILLIAMS, *et al*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION TO DISMISS

Plaintiff's Privacy Act complaint seeks to challenge the accuracy of records in his Pre-Sentence Report (PSR) with could have a probabilistic impact upon the validity or duration of his sentence. Such a complaint is inappropriate unless and until plaintiff prevails in a <u>habeas</u> <u>corpus</u> action. Moreover, the records at issue are exempt from the Privacy Act and plaintiff has failed to show that Defendant's reliance on these alleged inaccuracies was willful and intentional. Accordingly, plaintiff fails to state a claim upon which relief can be granted under the Privacy Act. Finally, even if plaintiff's complaint is construed as a <u>habeas</u> action, plaintiff is currently incarcerated at FCI Petersburg, which is located is the Eastern District of Virginia. Thus, the District of Columbia is not the proper venue for plaintiff's complaint.

## FACTUAL BACKGROOUND

On August 17, 1989, the Superior Court of the District of Columbia sentenced plaintiff to 72 years in prison for the offenses of armed robbery, and assault with intent to rob while armed. <u>See</u>, Exhibit A - Bureau of Prisons sentence monitoring computation data.

On November 5, 2004, plaintiff applied for parole.[1]  See, Exhibit B, Notice of Hearing - Parole Application.  Under the heading, "if you have inspected file material initial below," plaintiff indicated that he reviewed the materials in his institutional file on November 5, 2004. Id. at 2.

On January 12, 2005, a hearing examiner for the U.S. Parole Commission conducted a pre-hearing review of plaintiff's case.  See, Exhibit C.  Based upon the criminal history information available to the Parole Commission in the PSR, the hearing examiner indicated that plaintiff had been convicted of six criminal offenses and had been committed for more than 30 days on four occasions.  Id. at 2.  The hearing examiner used this information to establish a "salient factor score" of 2.  Id.  The salient factor score is a tool that the Parole Commission uses to predict recidivism, and is composed of six items, e.g., the number of prior convictions, the number of prior commitments of more than 30 days, the offender's age at the time of the current offense, and whether the offender was on parole, probation, or escape status at the time of the offense.  See, Salient Factor Scoring Manual at 28 C.F.R. § 2.20.  The score for each item is added to arrive at the salient factor score, which "assist[s] the Commission in assessing the probability than an offender will live and remain at liberty without violating the law."  See, 28

---

[1]On August 5, 1998, the Parole Commission assumed jurisdiction over District of Columbia Code Offenders through the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, § 11231(a)(1), 111 Stat. 712, 745, D.C. Code § 24-131(a)("Revitalization Act"). The Revitalization Act gives the U.S. Parole Commission exclusive jurisdiction over all District of Columbia felony prisoners.  See Franklin v. District of Columbia, 163 F.3d 625, 632 (D.C. Cir. 1998).  The Revitalization Act, while requiring the Commission to follow District of Columbia parole law and regulations, also authorized the Commission to "amend or supplement" the parole regulations of the District of Columbia.  See, D.C. Code § 24-131(a)(1).

C.F.R. § 2.80(c). The salient factor score is used to establish the Total Guideline Range which indicates the customary range of time to be served, except in unusual circumstances, before release.[2] The hearing examiner established plaintiff's parole guideline range as 263 to 287 months to be served before he should be released on parole. See, Exhibit C at 3.

On January 26, 2005, a hearing examiner for the U.S. Parole Commission conducted plaintiff's parole hearing. See, Exhibit D - Hearing Summary. Plaintiff admitted that he was involved in the robbery of a cab driver at knife-point on March 26, 1989 and that he committed a robbery on September 7, 1988, which were the offenses for which he was convicted and sentenced in D.C. Superior Court. Id. He denied that he cut the cab driver with the knife as was related in the PSR. Id. Additionally, he stated that he and the cab driver struggled over a gun that the cab driver had pulled out, that he hit the cab driver in the head, and that the cab driver shot plaintiff. Id. The hearing examiner made several adjustments to plaintiff's parole guidelines based upon his finding that the offense did not involve "high-level violence," and based upon information that plaintiff had committed an institutional infraction of possessing heroin. Id. at 2. The hearing examiner established a parole guideline range of 229 to 259 months. Id. at 3. The hearing examiner recommended that the Commission deny parole and schedule plaintiff for a reconsideration hearing in 36 months in January 2008. Id.

---

[2]Under the current version of the D.C. Guidelines, the salient factor score is combined with pre- and post-incarceration factors to establish a base point score guideline range. See, 28 C.F.R. § 2.80. The Commission then adds the number of months that are required to be served by the minimum term to this range. Id. The Commission also establishes a guideline range for any disciplinary infractions and adds this to the guideline range. Id. Finally, the Commission determines whether the prisoner has demonstrated a superior level of programming in prison and deducts this program achievement award from the guideline range. Id.

On February 8, 2005, the Parole Commission received a letter from plaintiff claiming that there was a discrepancy in his PSR.  See, Exhibit E.  Plaintiff recounted his version of the robbery offense and attached several pages of the transcript of the sentencing proceeding in which the prosecutor described the injuries to the victim and to plaintiff.  Id.

On February 9, 2005, the Commission issued its decision, adopting the recommendation of the hearing examiner to deny parole and "[c]ontinue to a Three-Year Reconsideration Hearing in January 2008."  See, Exhibit F.

On March 13, 2006, plaintiff filed the instant action in the Superior Court of the District of Columbia for alleged inaccuracies in his PSR.  See, Dkt. Rep. No. 1, Exhibit 2.  Plaintiff failed to provide any basis for his claim or jurisdiction in this initial pleading.  On March 31, 2006, plaintiff amended his complaint in the Superior Court of the District of Columbia, and indicated that he was seeking injunctive and monetary relief under the Privacy Act.  See, Dkt. Rep. No. 5, Exhibit 1.  On April 11, 2006, Defendant, Edward F. Reilly, Chairman, U.S. Parole Commission, filed a Notice of Removal pursuant to 28 U.S.C. §§ 1441, 1442(a)(1) and 1446 on the grounds that Plaintiff was bringing forth an action against an officer of the United States pursuant to the Privacy Act, a federal statute over which the federal courts have original and exclusive jurisdiction.  See, Dkt. Rep. No. 1.

Plaintiff's amended complaint specifically alleges that his PSR contains various inaccuracies and is "holding [the] Parole Board liable for use of inaccurate information and not maintaining correct record (sic) to insure (sic) fairness to plaintiff."  Plaintiff alleges that these inaccuracies caused him to be placed in a high security prison, 500 miles away from his family

and being denied parole. Plaintiff seeks correction of his "Parole Files" and $2,000,000 in monetary damages.

## ARGUMENT

### I.    DEFENDANT EDWARD F. REILLY, CHAIRMAN OF THE U.S. PAROLE COMMISSION IS NOT A PROPER PARTY TO THIS ACTION.

Plaintiff names Edward F. Reilly, Chairman of the U.S. Parole Commission, as a defendant to his Privacy Act complaint. The proper defendant in a complaint under the Privacy Act is the agency which holds the records or which took action adverse to the complainant based upon the alleged inaccurate records. See, 5 U.S.C. 552a(g)(1); Reid v. U.S. Bureau of Prisons, 2005 WL 1699425 at *2 (D.D.C. July 20, 2005). Therefore, Edward F. Reilly should be dismissed as a defendant in this matter. The U.S. Parole Commission, which is not named as a defendant, is the only proper federal defendant in this matter.

### II.    PLAINTIFF MAY NOT CHALLENGE RECORDS AFFECTING THE VALIDITY OR DURATION OF HIS SENTENCE WITHOUT FIRST PREVAILING ON HABEAS

In this Circuit, it is beyond dispute that a plaintiff may not maintain an action challenging the validity or duration of his sentence until he first prevails on habeas. See, Razzoli v. Bureau of Prisons, 230 F.3d 371 (D.C. Cir. 2000) (plaintiff may not maintain Privacy Act claim challenging the good time credits or parole eligibility until he prevailed on habeas); Chatman-Bey v. Thornburgh, 864 F.2d 804 (D.C. Cir. 1988) (en banc) (habeas is the exclusive remedy even when a non-habeas claim would have a merely probabilistic impact on the duration of custody); Forrester v. U.S. Parole Commission, 310 F.Supp.2d 162, 170 (D.D.C 2004) (applying

Razzoli to DC inmate in federal custody); See also, Edwards v. Balisok, 520 U.S. 641 (1997);

Heck v. Humphrey, 512 U.S. 477 (1994).

In this case, plaintiff seeks an order compelling the defendant to correct his PSR of

alleged inaccuracies, which in effect would have at least a probabilistic impact upon the validity

and/or duration of his custody.  As set forth above, plaintiff may not maintain this action without

first prevailing on habeas, something he fails to allege or prove that he has done.  Accordingly,

plaintiff fails to state a Privacy Act claim and his complaint must be dismissed.

**III.    PLAINTIFF FAILS TO STATE A CLAIM BECAUSE THE RECORDS AT ISSUE ARE EXEMPT FROM THE PRIVACY ACT**

Even if plaintiff could maintain the instant action without first prevailing on habeas, he

fails to state a claim upon which relief can be granted because the records at issue are exempt

from the Privacy Act.  The Court has long held that the Privacy Act cannot be utilized to gain

amendment of a record in a system of records which an agency has properly exempted under the

exemption provision of the Privacy Act, 5 U.S.C. § 552a(j).  See, White v. United States

Probation Office, 148 F.3d 1124, 1125 (D.C. Cir. 1998); Risley v. Hawk, 108 F.3d 1396, 1397

(D.C. Cir. 1997); Sellers v. Bureau of Prisons, 959 F.2d 307, 309 (D.C. Cir. 1992).

Although plaintiff seeks to amend his allegedly inaccurate Pre-Sentence Report, this

record is exempt from the Privacy Act's amendment provisions.  See, 28 C.F.R. § 16.97(j)

(exempting the Bureau of Prisons Inmate Central Records System from 5 U.S.C. § 552a(e)(1)

and (5) pursuant to 5 U.S.C. § 552a(j)); 28 C.F.R. §16.85(a)(2) (1990) (exempting Commission

from 5 U.S.C. § 552a(d)); 28 C.F.R. § 16.51(d)(exempting pre-sentence report from correction or

amendment); 67 Fed. Reg. 51754 (Aug. 9, 2002); 28 C.F.R. § 16.97(k)(2);  See also, White v.

U.S. Probation Office, 148 F.3d 1124, 1125 (D.C. Cir. 1998) ("[U]nder Privacy Act regulations,

presentence reports and Bureau of Prisons inmate records systems are exempt from the Act's

amendment provisions.").  Because plaintiff's PSR is exempt, he can prove no set of facts

entitling him to the requested relief and, therefore, fails to state a claim.

## IV.     PLAINTIFF'S CLAIM FOR DAMAGES UNDER THE PRIVACY ACT IS ALSO WITHOUT MERIT.

       The Privacy Act requires that an agency maintain all records which are used by the

agency in making any determination about any individual with such accuracy, relevance,

timeliness, and completeness as to assure fairness to the individual in the determination.

5 U.S.C. § 552a(e)(5). Although the Parole Commission is not obligated to comply with the

amendment provisions of the Privacy Act, it still is obligated to address the accuracy of records

before considering such records in making a determination affecting the prisoner.[3]  See, Deters v.

United States Parole Commission, 85 F.2d 655, 658 n. 2 (D.C.Cir.1996); 5 U.S.C. § 552a(e)(5).

In order to recover monetary damages under the Privacy Act, "a plaintiff must assert that an

agency failed to maintain accurate records, that it did so intentionally or willfully, and,

consequently, that an 'adverse' 'determination [wa]s made' respecting the plaintiff."

Toolasprashad v. Bureau of Prisons, 286 F.3d 576, 583 (D.C.Cir.2002).  Plaintiff has the burden

of proving that the agency's actions in violating the Privacy Act were intentional or willful.

Albright v. United States, 732 F.2d 181, 189 (D.C.Cir.1984); 5 U.S.C. § 552a(g)(4). To meet his

---

[3]  The Parole Commission's decision making files are also exempt from the Privacy Act's amendment provisions. See, 5 U.S.C. § 552a(j)(2); 28 C.F.R. § 16.85.

burden, plaintiff "must prove that the offending agency acted 'without grounds for believing [its] actions] lawful' or that it 'flagrantly disregarded' the rights guaranteed under the Privacy Act." Laningham v. United States Navy, 813 F.2d 1236, 1242 (D.C.Cir.1987) (quoting Albright v. United States, 732 F.2d at 189).

Plaintiff's complaint is deficient in that it makes no specific allegations as to an intentional or willful action of the Parole Commission in violation of the Privacy Act. Moreover, the Parole Commission has no affirmative obligation to investigate information set forth in a presentence investigation report. See, Buxton v. United States Parole Commission, 844 F.Supp. 643, 644 (D.Or.1994). As long as the Parole Commission complies with established procedures for conducting a parole hearing, it complies with the fairness standard set forth in 5 U.S.C. § 552a(e)(5). Id.; Bayless v. United States Parole Commission,1994 WL 525325, *6 (D.D.C. Sept. 11, 1996); Sellers v. Bureau of Prisons, 959 F.2d 307, 312 (D.C. Cir. 1992)("As long as the information contained in an agency's files is capable of being verified, then ... the agency must take reasonable steps to maintain the accuracy of the information to ensure fairness to the individual.").  In addition to providing a prisoner with a parole hearing, the Commission provides the prisoner with an opportunity to review the documents the Parole Commission intends to rely upon in advance of the hearing.  See, 28 C.F.R. § 2.72(b).  The prisoner has the opportunity to challenge and rebut the information in those documents at the hearing.  See, 28 C.F.R. § 2.72(a). The Commission resolves disputes concerning the accuracy of the record based upon the preponderance of the evidence standard. See, 28 C.F.R. § 2.19(c) (incorporated for D.C. Code offenders by 28 C.F.R. § 2.89).

8

Here, plaintiff reviewed the information that the Commission relied upon in advance of his hearing.  See, Exhibit B.  The Commission provided him with an in-person hearing at which he had the opportunity to rebut the facts in the PSR and describe his version to the hearing examiner.  See, Exhibit D.  In Sellers, the D.C. Circuit acknowledged that a hearing with "an opportunity to refute the charges" is a reasonable step in maintaining the accuracy of the information in a file.  959 F.2d at 312.  Thus, by conducting its parole hearings, the Parole Commission as a matter of law complies with §552a(e)(5) of the Privacy Act.  See Fendler v. U.S. Bureau of Prisons, 846 F.2d 550, 552-54(9th Cir. 1988) (Bureau of Prisons satisfied subsection (e)(5) of the Privacy Act by including prisoner's rebuttal to allegedly inaccurate presentence report with records sent to the Commission); Buxton v. U.S. Parole Commission, 844 F.Supp at 644.   Accordingly, plaintiff has failed to allege or otherwise demonstrate that the agency "willfully and intentionally" ignored the fairness standard of §552a(e)(5).

## IV.    EVEN IF CONSTRUED AS A HABEAS CLAIM, PLAINTIFF MAY NOT MAINTAIN THE ACTION IN THE DISTRICT OF COLUMBIA.

The D.C. Circuit has previously held that "[a] district court may not entertain a habeas corpus action unless it has personal jurisdiction over the custodian of the prisoner."  Guerra v. Meese, 786 F.2d 414, 415 (D.C. Cir.1986) (citations omitted).  This is because the prisoner's "custodian is the person having day-to-day control over the prisoner.  That person is the only one who can directly produce 'the body' of the petitioner."  Id. at 416; see also Chatman-Bey 864 F.2d at 811 ("[T]he proper defendant in federal habeas cases is the [petitioner's] warden."); In re Tripati, 836 F.2d 1406, 1407 (D.C. Cir. 1988) ("A habeas petition may be adjudicated only in the district in which [the petitioner's] immediate custodian, his warden, is located.").

Plaintiff in this case is currently incarcerated at FCI Petersburg in the Eastern District of Virginia, not in the District of Columbia.  <u>See</u>, Amend. Compl. p. 1 ("Plaintiff, Derwin W. Powers, incarcerated inmate, F.C.I. Petersburg . . .").  Nor has plaintiff named as a defendant the Warden of FCI Petersburg.  Accordingly, even if plaintiff's complaint were construed as a <u>habeas</u> claim, it should be dismissed for improper venue and lack of personal jurisdiction.

## <u>CONCLUSION</u>

Because plaintiff may not challenge the accuracy of records relating to the validity or duration of his sentence without first prevailing on <u>habeas</u>, may not challenge the accuracy of records exempted from the Privacy Act, has failed to a name a proper part defendant, and is not in the proper jurisdiction for a <u>habeas</u> action, this Court should dismiss plaintiff's complaint.

_____/s/_____

KENNETH L.  WAINSTEIN., D.C.  Bar #451058
United States Attorney

_____/s/_____

RUDOLPH CONTRERAS D.C. Bar No.  434122
Assistant United States Attorney

_____/s/_____

ERIC J. JANSON
Special Assistant United States

Of Counsel:
Rockne Chickinell, Esq.
Helen Krapels, Esq.
United States Parole Commission

10

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____

DERWIN WAYNE POWERS,                )
                                    )
                Pro se Plaintiff,   )
                                    )
        v.                          )        Civil No.  06-0665(PLF)
                                    )
MAYOR ANTHONY WILLIAMS, *et al*,    )
                                    )
        Defendants.                 )
_____)

        This matters comes before the Court on Defendant's Motion to Dismiss for Failure to State a Claim and for Improper Venue.  Upon consideration of Defendant's Motion, any Opposition thereto, the entire record, and relevant law, it is this _____ day of _____, 2006,

        **ORDERED**, that Defendant's Motion be, and hereby is, **GRANTED**, and it is further,

        **ORDERED**, that Plaintiff's Complaint is hereby dismissed with prejudice.


                                    _____
                                    PAUL L. FRIEDMAN
                                    UNITED STATES DISTRICT COURT JUDGE

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 9, 2006, a true and correct copy of Defendant's

Motion to Dismiss was served under the Court's ECF system and via first class mail, postage

prepaid to:

> Derwin Wayne Powers
> Reg. No. 09309-007
> Bureau of Prisions
> F.C.I. Petersburg
> P.O. Box 90043
> Petersburg, VA 23804

> _____/s/_____
> ERIC J. JANSON
> Special Assistant U.S.  Attorney
> 555 Fourth Street, N.W.
> Washington, D.C.  20530
> (202) 514-9150 (telephone)
> (202) 514-8780 (fax)