UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Derwin Powers,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Civil Action No. 06-0665 (PLF) |
| : | |
| : | |
| **Mayor Anthony Williams, et al.,** : | |
| : | |
| **Defendants.** : | |
| : | |

# DEFENDANT DISTRICT OF COLUMBIA'S[1] MOTION TO DISMISS

Defendant, District of Columbia, by and through undersigned counsel and pursuant to F.R.C.P. 4 and 12(b)(5) and (6), hereby moves this Honorable Court to dismiss the plaintiff's complaint.

A Memorandum of Points and Authorities in support of this Motion is attached hereto. Because this is a dispositive motion, the defendant is not required to seek the plaintiff's consent pursuant to LCvR 7.1(m).

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Holly M. Johnson /s/*
HOLLY M. JOHNSON
Section Chief

---

[1] The plaintiff's complaint names Mayor Anthony Williams and the Office of the Attorney General as defendants in this matter. Having failed to state any claims against Mayor Williams in his individual capacity, the District assumes the plaintiff has brought suit against the Mayor in his official capacity. Such a claim is the same as a suit against the District of Columbia.

        General Litigation Section III

        */s/ James H. Vricos /s/*
        JAMES H. VRICOS
        Assistant Attorney General
        Bar Number: 474026
        441 4th Street, N.W., 6S74
        Washington, D.C. 20001
        (202) 724-6600
        (202) 727-3625 (fax)
        James.Vricos@dc.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 22, 2006 a copy of the foregoing Motion to Dismiss, Memorandum of Supporting Points and Authorities and proposed order was sent via first class mail postage prepaid, or the U.S. District Court's electronic notification service, to:

Derwin Powers
B.O.P., #09309-007
P.O. Box 90043
Petersburg, VA 23804

Eric J. Janson
Special Assistant United States Attorney
U.S. Attorney's Office
555 Fourth Street, NW
Washington, DC 20001

        */s/ James H. Vricos /s/*
        James H. Vricos
        Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Derwin Powers,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Civil Action No. 06-0665 (PLF) |
| : | |
| : | |
| **Mayor Anthony Williams, et al.,** : | |
| : | |
| **Defendants** : | |
| : | |

### MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS

Defendant, District of Columbia (hereinafter "the District"), by and through undersigned counsel and pursuant to F.R.C.P. 4 and 12(b)(5) and (6), hereby moves this Honorable Court to dismiss the plaintiff's complaint because the District was not properly served.  Furthermore, the Complaint fails to state a claim upon which relief can be granted against the District of Columbia.[2]

### BACKGROUND

On August 17, 1989, the plaintiff was sentenced to seventy-two years in prison by the Superior Court of the District of Columbia for the offenses of armed robbery, and assault with intent to rob while armed.  On March 13, 2006, the plaintiff filed his complaint in the Superior Court for the District of Columbia alleging inaccuracies in his Pre-Sentencing Report (PSR). On March 31, 2006, plaintiff filed an amended complaint with the court indicating, among other things, that he was seeking injunctive and monetary relief under the Privacy Act and that he was

---

[2] The District concurs with this Court's order of June 14, 2006, construing the plaintiff's complaint as a claim brought under the Privacy Act, see 5 U.S.C. § 522a, against the United States Parole Commission. See also, The National Capital Revitalization and Self-Government Improvement Act of 1997, Pub L. No. 105-33, § 11231(a)(1), 111 Stat. D.C. Code § 24-131(a).

"holding the Parole Board Liable for use of incorrect information and not maintaining [a] correct record …" (Amended Complaint, Page 2.)  On April 11, 2006, this matter was removed to Federal District Court.  On April 14, 2006, this Honorable Court issued its order denying the plaintiff's motions to remand to the Superior Court and construing the plaintiff's complaint as bringing claims under the Privacy Act against the Chair of the United States Parole Commission.

On April 12, 2006, the undersigned received an affidavit of service from the plaintiff, purporting to show that Mayor Anthony Williams, the Office of the Attorney General, and Edward Reilly Jr. were served via certified mail.  The affidavit of service is attached hereto as Exhibit A.  The affidavit is not notarized.  The return receipts attached to the affidavit do not clearly indicate that the Mayor (or his designee) or the Attorney General for the District of Columbia (or his designee) had accepted service.  The Affidavit does not include specific facts from which the Court can determine that the person who signed the receipt meets the appropriate qualifications for receipt of process.

## STANDARD OF REVIEW

A motion to dismiss pursuant to F.R.C.P. 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief.  *Conley v. Gibson*, 355 U.S. 41, 45 (1957).  The moving party is entitled to judgment if there are no allegations in the complaint that could provide a basis for recovery.  *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (1987).

Although the non-moving party enjoys the benefit of all inferences that reasonably can be drawn from the allegations alleged in the complaint, bare conclusions of law—or sweeping and unwarranted averments of fact—will not be deemed admitted for purposes of a motion under

Rule 12(b)(6). *Id.* The court need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications* Corp., 305 U.S. App. D.C. 60, 16 F.3d 1271, 276 (1994).

## ARGUMENT

**I.     PLAINTIFF HAS FAILED TO EFFECTUATE PROPER SERVICE ON THE DISTRICT OF COLUMBIA AND HAS FAILED TO PROVIDE SUFFICIENT PROOF OF SERVICE**.

F.R.C.P. 4(j)(2) describes the proper manner of service of process on the District:

…Service upon a state, municipal corporation, or other governmental organization subject to suit shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon such defendant.

In this case, prior to this matter being removed to Federal District Court, the plaintiff chose to utilize a method of service—certified mail—that is authorized in the civil procedure rules for the Superior Court for the District of Columbia. Under this method of service the plaintiff was required to serve *both* the Mayor and the Office of the Attorney General. *See* SCR-Civil 4(j)(1) ("Service shall be made upon the District of Columbia by delivering (pursuant to paragraph (c)(2)) or mailing (pursuant to paragraph (c)(3)) a copy of the summons, complaint and initial order to the Mayor of the District of Columbia (or designee) and the Corporation Counsel of the District of Columbia (or designee).").

The mandatory language of SCR-Civil 4(j) does not permit the court to exercise any discretion. The Superior Court Civil Procedure Rules are clear and unambiguous regarding who must be served in order to bring a cause of action against the District of Columbia. According to

SCR-Civil 4(j), service on the Mayor is proper only if he is served personally, or service is made on an official designee of the Mayor. Similarly, service on the Attorney General is accomplished only where service is made on the Attorney General himself or an official designee. SCR-Civil 4(j) states that "[t]he Mayor and the [Attorney General] may each designate an employee for receipt of service of process by filing a written notice with the Clerk of the Court." SCR-Civil 4(j). The Rules therefore clearly state that the Mayor and the Attorney General can be served only if service is effectuated on the parties themselves or those agents listed as official designees with the Clerk.

The Office of the Attorney General has designated Darlene Fields, Tonia Robinson and/or Gale Rivers to accept service of process on its behalf. *See* Office Order No. 2005-19, attached hereto as Exhibit B. The Mayor has designated Tabatha Braxton and/or Gladys Herring to accept service of process on his behalf. *See* November 9, 2005 Memorandum Regarding Designation of Staff to Handle/Accept Legal Correspondence, attached hereto as Exhibit C.

Pursuant to SCR-Civil 4(l), it is the plaintiff's obligation to prove that the District was served in accordance with the provisions of Rule 4(j). If service is attempted via registered or certified mail, under SCR-Civil 4(c)(3), "the return shall be accompanied by the signed receipt attached to an affidavit." SCR-Civil 4(l)(2). According to the Rule, "if the return receipt does not purport to be signed by the party named in the summons," the affidavit also must include "specific facts from which the Court can determine that the person who signed the receipt meets the appropriate qualifications for receipt of process set out in subdivisions (e) through (j) of this Rule." *Id.* Simply put, if the Mayor and Attorney General do not *themselves* sign the certified return receipt, it is the Plaintiff's obligation to attest to facts showing that the mailings were received by official designees for service of process.

Here, the Plaintiff has failed to properly serve the Mayor's Office and the Office of the Attorney General. Exhibit A shows that there is an unclear signature and no printed name on the return receipt on behalf of the Mayor. Further, the affidavit does not include any facts from which the Court can determine that the person who signed the receipt meets the appropriate qualifications for receipt of process as required by SCR-(l)(2).

Similarly, the plaintiff failed to properly serve the Attorney General of the District of Columbia. The return receipt on behalf of the Attorney General shows a printed name and signature which clearly do not belong to any of the Attorney General's designees - Darlene Fields, Tonia Robinson, and Gale Rivers. Again, the affidavit does not include any facts from which the Court can determine that the person who signed the receipt meets the appropriate qualifications for receipt of process as required by SCR-(l)(2).

The plaintiff did not comply with SCR-Civil 4 and, hence, did not comply with F.R.C.P. 4(j)(2). Accordingly, the plaintiff's complaint against the District should be dismissed.

## II.    THE PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE THE DISTRICT OF COLUMBIA IS NOT A PROPER PARTY TO THIS CAUSE OF ACTION

The District concurs with and hereby incorporates those arguments contained in the Motion to Dismiss filed by the United States in this matter to the extent that those arguments demonstrate that the U.S. Parole Commission is a proper defendant in a complaint brought under the Privacy Act. *See* 5 U.S.C. 552a(g)(1); *Reid v. Bureau of Prisons*, 205 WL 1699425 at*2 (D.D.C. July 20, 2005).

The District also incorporates those arguments offered by the United States that demonstrate that the United States Parole Commission has exclusive jurisdiction over all District

of Columbia felony prisoners pursuant to the National Capital Revitalization and Self-Government Improvements Act of 1997. *See* Pub L. No. 105-33, § 11231(a)(1), 111 Stat. D.C. Code § 24-131(a). ("Revitalization Act.")

By commencing this cause of action against the District of Columbia, rather than the proper defendant under the Privacy Act and the Revitalization Act, the plaintiff fails to state a claim upon which relief can be granted. Accordingly, the plaintiff's complaint against the District should be dismissed.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Holly M. Johnson /s/*
HOLLY M. JOHNSON [476331]
Section Chief
General Litigation Section III

*/s/ James H. Vricos /s/*
JAMES H. VRICOS
Assistant Attorney General
Bar Number: 474026
441 4th Street, N.W., 6S74
Washington, D.C. 20001
(202) 724-6600
(202) 727-3625 (fax)
James.Vricos@dc.gov

| | |
|---|---|
| **Derwin Powers,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Civil Action No. 06-0665 (PLF) |
| : | |
| : | |
| **Mayor Anthony Williams, et al.,** : | |
| : | |
| **Defendants.** : | |
| : | |

### ORDER GRANTING DEFENDANTS DISTRICT OF COLUMBIA'S MOTION TO DISMISS THE COMPLAINT

Upon consideration of the Defendant District of Columbia's Motion to Dismiss, any opposition thereto, and the facts and law considered, it is by the Court this _____ day of _____, 2006,

      ORDERED:    that the Motion is GRANTED; and it is

      FURTHER ORDERED: that the plaintiff's complaint against the District of Columbia is HEREBY DISMISSED

_____
Judge

Copies to:

Derwin Powers
B.O.P.
P.O. Box 90043
Petersburg. VA 23804

Via electronic filing:
James H. Vricos, Esq.
Eric J. Janson, Esq.