IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Derwin W. Powers,                )
         Plaintiff,              )
                                 )
    v.                           )
                                 )    Civil No.: 06-0665 PLF
Mayor Anthony Williams, et al.,  )
         Defendant.              )
_____)

RECEIVED
JUN 2 9 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PLAINTIFF'S OPPOSITION TO DEFENDANT'S

MOTION TO DISMISS COMPLAINT

Comes now, Derwin W. Powers, plaintiff in the above cause, pro se, interposing the Haines v. Kerner, 404 U.S. 519(1972), standard for pro se litigants.

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S OPPOSITION
TO DISMISS PLAINTIFF'S COMPLAINT

Plaintiff has presented a sound Privacy Act claim due to the nature of inaccurate information contained in the Commission's files and records. Plaintiff realizes that the U.S. Parole Commission and its Commissioners are not legally bound by law to change his P.S.I. report, rather, plaintiff asserts that the Parole Commission can alter its records or make note in its records to indicate that the information relied upon is being challenged or has been challenged. The challenged information in the Commission's files cosist of a dismissed robbery charge, violence in the instant offense, the use of wrong parole guidelines, the use of outdated disciplinary reports, and the incorrect number of convictions. See sentencing transcript attached herewith.
Sellers v. Bureau of Prisons, 959 F.2d 307 (D.C. Cir. 1992); See also: Allen v. Haden, 536 F.Supp. 586 (1982)   SEE OTHER ATTACHMENTS

In the above-referenced case, it is made known that this is a complaint challenging the inaccuracies of information in the P.S.I. report, and not a petition seeking relief challenging plaintiff's incarceration, therefore, it shall not be treated as a petition for habeas corpus relief. Plaintiff assures that the information contained in the P.S.I. report is inaccurate and that this information in the parole file be corrected as requested so that plaintiff can have a fair parole hearing scheduled in the year of 2008 of January. The defendants' attorney in the above-referenced case file a Notice of Removal to this Court to hear the issues raised pertaining to the violations of the Privacy Act. This Court is the proper venue to hear this matter because one of the defendants is an agency or an employee thereof of the District of Columbia.

Plaintiff do not believe that the proper averment to challenge his Privacy Act claim is by way of habeas corpus to challenge the inaccuracies of information contained in the file. This matter shall be before this Court rather than the court for the Eastern District of Virginia.

As mentioned earlier, the reason is that one of the defendants is an employee or agency of the District of Columbia.

## FACTUAL BACKGROUND

On August 17, 1989, plaintiff was sentenced in the Superior Court for the District of Columbia to an indeterminate sentence of 24 to 72 years for two-counts of armed robbery, assault with intent to rob while armed.

Plaintiff has now been in confinement for a period of 17 years of incarceration in the above-referenced case to this present date. It has been misconstrued by the defendants in this matter that plaintiff is serving a determinate sentence of 72 years as do Federal Code offenders who serves a determinate sentence without the presence of a minimum term.

Unlike the District of Columbia offenders, District of Columbia offenders serves an indetrminate sentence with the presence of a minimum sentence to be served with one-third of the minimum sentence being the parole eligibility date. In imposing sentences on a person convicted in the District of Columbia of a Felony, the Justice or Judge of the court imposing such sentence shall sentence such person for a maximum period not exceeding that of maximum law, and for a minimum period not exceeding that of one-third of the maximum sentence imposed. See D.C. Code§24-403(a)(2001).

On November 5,2004, plaintiff applied for parole. During his applying for parole review, plaintiff did inspect his institutional files prior to conducting the hearing. During the course of reviewing institutional files, plaintiff's P.S.I. report was not made available to him at the time for him to review. In response to the six convictions mentioned by the defendants' attorney, it was stated that plaintiff has (6)-six prior commitments of over 30-days,disciplinary reports,etc. It has also been stated that plaintiff had documentations from the the F.B.I. and the F.O.I.A. officer stating that there has been some disposition changes made in plaintiff's conviction status; and that these convictions were well contested by plaintiff's attorney in year 1989 to be inaccurate information the Commission used anyway. Plaintiff does not have more than four prior commitments of over (30)-days, minus the instant offense. 52 days on (rap sheet) is being challenged. The hearing examiner has applied Federal guidelines rather than District of Columbia parole guidelines to him as required in Cosgrove v. Thornburgh, 703 F.Supp. 995. Plaintiff's right to a fair and unbias hearing was inappropriate and that the application of the Federal guidelines were inappropriate as well. In addition, the information relied upon is vague, and the violence in the P.S.I. re-

port is incorrect. This information includes a dismissed charge, contested convictions, and disciplinary reports over eight to fifteen years old.

Disciplinaries that occurs over a span of three-years shall not be included in the parole process as governed under the rules and regulations for D.C. Code offenders housed in Federal facilities. See **Caldwell v. Brown**, Docket #98-0460(GK). Plaintiff asserts that the defendants not only violated the Privacy Act rights under title 5 U.S.C.A. 552 by not maintaining accurate records, but violated Plaintiff's Constitutional Rights as well.

## PLAINTIFF'S CLAIM FOR DAMAGES

Plaintiff believe just as the broad discretion Sentencing Judges have, Parole Commissioners also have this discretion, however it is premised on the assumption that information on which the exercise of that discretion rest is <u>reliable</u>. Thus both the Supreme Court and other courts have consistently recognized that a sentence (we will say parole decision also) based on information which is inaccurate or unreliable violates due process and cannot stand. In **Townsend v. Burke**, 334 U.S. 736, a criminal case I must add, prosecution submitted misinformation regarding defendant record, to court, and the court held that: this prisoner was sentence on basis of assumptions concerning his criminal record which were materially untrue. Such result, whether caused

(4)

by carelessness or design, is inconsistent with due process of law, and such a conviction cannot stand. I used this same logic to Plaintiff's parole hearing that was held, with some elements as above criminal case, but in the instant case, Plaintiff Privacy rights were in fact violated because, parole hearing was conducted on January 27, 2005,

The hearing examiner relied on charges that were dismissed, violence that were contested, and disciplinary reports that were older than a total of seven years old, as well as convictions that were incorrect, length of incarceration minus instant offense, and the use of improper guidelines. Plaintiff asserts that the Parole Commission did in fact intentionally commit these acts because Plaintiff brought this matter before their attention by way of letter and tape recorded during the hearing. The Parole Commission did indeed rendered a decision in lieu of this inaccurate information. Plaintiff believes he will continue to get adverse consequences due to Parole Commission not maintaining accuracy, relevance, timeliness and completeness of its records and files to assure fairness to Plaintiff in parole determinations. 5 U.S.C.A. § 552(a)(e)(5). Plaintiff is entitled to damages and legal fees due to the negligence by the Parole Commission in regards to the fairness of Plaintiff, by violating his rights under the Privacy act and using information that is vague, unsupported and unreliable as well as violating other rights.

WHEREFORE, Plaintiff pray this Honorable Court will allow Plaintiff to proceed with the above complaint because Plaintiff can prove beyond a reasonable doubt defendant violated Plaintiff Privacy rights.

(5)

Respectfully Submitted,

Derwin W. Powers, pro-se
#09309-007

## CERTIFICATE OF SERVICE

I, Derwin wayne Powers, proceeding in Pro-se, hereby certify that on the 19th of June 2006, I caused the foregoing Motion for (PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT) to be served by certified mail prepaid on:

       Edward F. Reilly
c/o Eric J. Jansen
       Special Assistance United States Attorney
       555 4th Street, N.W.
       Washington, D.C.
             20530

Mayor Anthony Williams/ c/o James Vriocos
Office of Attorney General
441 4th Street, N.W.  6th Floor
Washington, D.C.
       20530

*Derwin wayne Powers*
DERWIN WAYNE POWERS
FEDERAL CORR. COMPLEX
(MEDIUM)  #09309-007
P.O. BOX  90043
PETERSBURG, VIRGINIA
       23804