1  still on parole for those, when you committed these armed
2  robberies. In between and in the period when you got out
3  on parole, you were convicted for assault-related crimes
4  that got you your parole revoked, and then when you came
5  back out --

6      MS. KENNEDY: Your Honor, if I could correct that.
7  They're -- the FBI rap sheet reflects that the last convic-
8  tion that Mr. Powers had was in 1976 for armed robbery.
9  I have a copy of the FBI rap sheet. I think that is inaccu-
10 rate.

11     THE COURT: Well, the pre-sentence report indicates
12 a 1984 in adult -- a conviction for what looks like a mis-
13 demeanor assault charge.

14     MR. POWERS: Excuse me, Your Honor, sir, can I
15 say something about that?

16     MS. KENNEDY: Your Honor, I have -- he was revoked
17 on a technical parole violator in 1984. He was remanded
18 back to the division, based on that.

19     THE COURT: All right, let's assume that he just
20 flunked his parole in 1984. He went back to jail. Now
21 he's come out and he's really flunked it. Three times.
22 Scaring people to death. 'Course, that cab driver shot
23 you. He thought he was gonna die.

24     The reasons to sentence somebody, as I see it,
25 are four-fold. One of them is the potential for rehabilita-

18

```
 1    she's given you in reaching this decision?
 2            THE DEFENDANT:  Yes, sir.
 3            THE COURT:  Has anybody promised you anything
 4    that I haven't mentioned in here?
 5            THE DEFENDANT:  No, sir.
 6            THE COURT:  Because they did promise they would
 7    dismiss the other armed robberies and any other charges in
 8    this case.  They wouldn't file any repeat or release
 9    offender papers.
10            MS. BASS:  Or life papers, Your Honor.
11            THE COURT:  That would be repeat papers.
12    Anything else promised at all?
13            THE DEFENDANT:  No, sir.
14            MS. KENNEDY:  I don't believe the Court
15    mentioned that they were dismissing the charges --
16            THE COURT:  Dismiss the other cases, that's
17    right.  Okay.  I will accept the pleas of guilty to the
18    two counts of armed robbery, the one count of assault with
19    intent to rob while armed, and the Bail Reform Act
20    misdemeanor charge.
21            I do want a presentence report.  And I suggest a
22    sentencing date of June 23rd, if that's agreeable?
23            MS. KENNEDY:  Your Honor, I would prefer the
24    first week in July, say the 7th, if that would be
25    possible?
```

SELLERS v. BUREAU OF PRISONS     309
Cite as 959 F.2d 307 (D.C. Cir. 1992)

Commission, and two individual defendants violated the Privacy Act, 5 U.S.C. § 552a(e)(5) and (g)(1)(C), by failing to maintain accurate records and § 552a(d) and (g)(1)(A) by failing to amend inaccurate files. His complaint alleged that the Parole Commission used the 1979 presentence report in its decision denying him parole in 1986. The complaint also claimed that the allegedly erroneous presentence report adversely affected determinations by the Bureau of Prisons regarding custody and security classifications, job and quarters assignments, and the opportunity to earn money and good time. In addition to the claims surrounding the 1979 presentence report, the complaint further alleged that other inaccuracies in Mr. Sellers's prison records resulted in decisions adverse to him. Mr. Sellers sought both amendment of his records and money damages.

The district court dismissed Mr. Sellers's complaint, holding that appellees' systems of records were exempt from the amendment provisions of the Privacy Act. *Sellers v. Bureau of Prisons*, No. 87-2048, slip op. at 1, 1988 WL 105007 (D.D.C. Sept. 29, 1988). The district court also dismissed the claims against the two individual defendants and transferred Mr. Sellers's *habeas* claims to the Illinois judicial district in which he was incarcerated at the time. *Id.*

This Court summarily affirmed the district court's order dismissing the two individual defendants and the Privacy Act claim under section 552a(d). *Sellers v. Bureau of Prisons*, No. 88-5369, slip op. at 1 (D.C.Cir. June 13, 1989). The Court remanded Mr. Sellers's Privacy Act claim under section 552a(e)(5), however, holding that regulations governing the Bureau of Prisons and the Parole Commission do not exempt those agencies' records from section (e)(5) of the Act. Accordingly, this Court remanded the section (e)(5) claims to the district court "to determine whether Sellers presented a cause of action by claiming that the Bureau of Prisons and the Parole Commission violated the Section 552a(e)(5) requirement to maintain accurate records." *Id.*

Seeing its task on remand as that of deciding the "very narrow question ... whether the file defendants compiled on plaintiff when they determined his parole eligibility in October, 1986 was in compliance with the Privacy Act's requirement[s]," the district court granted summary judgment in favor of appellees. *Sellers v. Bureau of Prisons*, No. 87-2048, slip op. at 1, 3 (D.D.C. May 14, 1990). Citing this Court's decision in *Doe v. United States*, 821 F.2d 694, 701 (D.C.Cir.1987) (en banc), the court held that since it could not require appellees to amend their records, it was sufficient that the Parole Commission noted in Mr. Sellers's file that he disputed the information contained in his records. The district court did not, however, address Mr. Sellers's claim against the Bureau of Prisons for using the allegedly erroneous presentence report in its decisions. Nor did the court determine the viability of the claims surrounding the allegedly inaccurate information other than the 1979 presentence report.

Mr. Sellers again appeals the district court's decision. This Court denied the agencies' motion for summary affirmance. *See Sellers v. Bureau of Prisons*, No. 90-5197, slip op. at 1, 1991 WL 56314 (D.C.Cir. Apr. 15, 1991).

II. ANALYSIS

A. *Mootness*

[1] On June 29, 1989, the Parole Commission reviewed Mr. Sellers's file and his claim that the incorrect presentence report was improperly considered in his parole decision. Agreeing that the North Carolina bank robbery should not have been considered, the Commission modified Mr. Sellers's offense severity and guideline range. The Commission determined, however, that the changes in severity and guideline range did not warrant modification of its decision to deny parole. Appellees now argue that because the presence of the bank robbery in the presentence report did not ultimately affect the Commission's parole decision, this case is moot.

Office of The General Counsel
U.S. Parole Commission
5550 Friendship Blvd.
Chevy Chase, Maryland
                    20815


c/o Commissioner


RE: Parole Hearing 1-26-05 Before Examiner
    MR. MOWART AT FCI-MEDIUM PETERSBURG

Sir/Madam;

       In regards to tainted and faulty information use at my Parole Hearing that prejudice the Outcome. I feel that its Extremely Pertinent to Enlighten your office to this discrepancy. This Error once clarified through the Records could be a factor in determining my Final Outcome. At this time, I would like to direct your attention to (P.S.I.) pg#3. In this particular Robbery, it is stated

> "Suspect hit Mr. Jones in the face leaving a
> cut over the Right Eye"

Documentation entails that this injury was substain through a Head Butt. "In furtherance, its stipulated that Mr. Jones was cut on the hand and arm. Should the Report be interupted, you will realize that these injuries were substained when the Suspect bit the Victim. All of these injuries stemmed from a fight! It is noted, that my Attorney contested the Information before the Court and that it was acknowledged by the Court that outside of the gun that I was shot with by Mr. Jones. This knife in question, remained on the Ground out of reach during the struggle as Mr. Jones pulled out his gun and shot me twice. Fighting for my life, I actually lunged at Mr. Jones with my Head, butting him in an

attempt to subdue him. police Reports and the Court record will reinforce the Validity of my statement.

Also, I would like to direct your attention to Court Transcripts dated August 17, 1989, Pg#6, Lines 1-8, 21-25. The reading of this Transcript will confirm all of the above. It is not my intention to Undermine a Thing, I am just keeping factual.

Another issue that I would like to address before concluding. As the records should reflect, I am a D.C. Prisoner who falls under the Old 2/3 Law before the Omni Bus act, yet I am being held accountable under these New Parole Guidelines. In the past (15) Fifteen Years of Incarcerated, I have acquired (2) two Infractions. I've earned my College Degree and have completed Two(2) Long Term Intensive Treatment Drug Programs. Over the Years, I've Programmed, keeping A Optimistic Attitude that by Rehabilitating myself and taking advantage of Opportunities that others have Shunned, that the Ultimate Rewards for A Positive Agenda, would someday be another chance to reflect my Value and Worth in Society. Without a Break in Custody and have Complied with Every Goal created by Myself or Given to, thou I believe Mr. Mowart was very helpful. I believe His Final Decision revolves strictly around Punishment and Punishment Only. with this revelation in mind, I am now Asking You to Re-evaluate my case before it becomes Final.

Yours Respectfully,

Attn:: See Attached Documentation

DEPARTMENT OF CORRECTIONS
Central Facility
Lorton, Virginia

Date **October 16, 1996**

MEMORANDUM TO: For the Record

SUBJECT: Administrative Segregation

RE: Powers, Wayne
DCDC #238-535

The Adjustment Board has convened on the date as indicated above to consider housing for the above named resident.

The resident was advised of his rights and the report was read to him by the Chairman of the Board.

The witness for the defendant testified that ~~waived~~

The resident testified that ~~that the drugs were his~~

The Board has considered all the evidence and testimony presented in this case.

The Board is of the opinion that based on information received, Inmate Powers is being housed in the AU after receiving a DR. He was found guilty of Poss of Major Contraband. The Board is of the opinion that Inmate Powers poses a threat to self, others and the orderly operation of this institution and he should remain in the AU on 14 days ADJ/S pending transfer to Max Security.

DISCIPLINARY BOARD:

Chairman: [signed] SGT W. [illegible]

Member: [signed]

Member: [signed]

Date: 10-15-96

Approved ✓  Disapproved ___
[signed] Major Central Facility — Date  10-16-96

Approved ✓  Disapproved ___
[signed] Assistant Administrator — Date  10-16-96

Approved ✓  Disapproved ___
[signed] Francis Anderson  10-17-96

DEPARTMENT OF CORRECTIONS
OCCOQUAN FACILITY
LORTON, VIRGINIA

Date __9-1-90__

Memorandum To: __Wayne Powers__
                    Name

__238-535__
DCDC No.

From: __LT. Jenkins__
           Shift Supervisor

__#2__
Shift

Subject: Investigative Report

On __9-1-90__, a Disciplinary Report was placed against you by __Cpl J.A. Moore__, for __Damage or Destruction of Property and Creating a disturbance__.

Investigation into this matter reveals: __Resident Powers is not Guilty threatening Conduct and guilty of the rest of charges. Need evaluation from Psychologist for G/P Fitness.__

You are hereby advised that the Disciplinary Report has been referred to the Adjustment Board to determine whether institutional regulations have been violated. You have the option of being heard by the Adjustment Board or a Hearing Officer. You may be represented by counsel and may call witnesses to this hearing. Please, be advised that any statement made by you may be used against you. You are entitled to the procedural safeguards set forth in the booklet entitled, "Administrative Procedures for Adjustment and Housing Actions and Code of Offenses." Read it carefully!

You are scheduled to appear before the Adjustment Board on _____.

Resident's statement: __I admit kicking the fan and turning the desk because I was mad. My Intentions was not to hurt everyone.__

[ ] I do not [✓] desire to have representation for this hearing.

[ ] I do not [✓] desire to have the writer of this Disciplinary Report at Hearing.

[ ] I do not [✓] desire to have witnesses present.

To be heard by: [ ] Hearing Officer  [✓] Adjustment Board.

__9-1-90__
Date

__Wayne W Powers__
Resident's Signature

Member Adjustment Board

11-22-77

# UNITED STATES DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF INVESTIGATION
### IDENTIFICATION DIVISION
### WASHINGTON, D.C. 20537

PAGE 1                                                              09/20/88

Use of the following FBI record, NUMBER  **4 052 K1**  is REGULATED BY LAW. It is furnished FOR OFFICIAL USE ONLY and should ONLY BE USED FOR PURPOSE REQUESTED. When further explanation of arrest charge or disposition is needed, communicate directly with the agency that contributed the fingerprints.

| Contributor: Identifier (ORI) Name Case Number (OCA) | Subject: Name State Number (SID) | Arrested or Received | C – Charge D – Disposition |
|---|---|---|---|
| NATIONAL CRIME INFORMATION CENTER FGPT | | CLASS: | AA AA AA TT 12 AA AA AA 13 I |
| MD004015C RECEPTION CENTER BALTIMORE, MD 120773 | POWERS, DERWIN WALTER | 04/06/72 | C-HOUSEBREAKING D-CONVICTED- CONFINEMENT-5Y RECEIVED-04/06/72 |
| MD0172100 PRINCE GEORGES CO PD LANDOVER, MD 21869 | POWERS, DERWIN WALTER | 11/05/75 | C-BREAKING AND ENTERING D-CONVICTED- CONFINEMENT-52D G IN JAIL 05-12-76 |
| MD0160600 POLICE DEPARTMENT TAKOMA PARK, MD 2586 | POWERS, DERWIN WALTER | 03/20/76 | C-CONCEALED WEAPON C-ARMED ROBBERY |
| MD0172100 PRINCE GEORGES CO PD LANDOVER, MD 21869 | POWERS, DERWIN WALTER | 03/21/76 | C-ARMED ROBBERY |
| MD0172500 UNIV MD POLICE DEPT COLLEGE PARK, MD C-400 | POWERS, DERWIN WALTER | 03/22/76 | C-ARMED ROBBERY |
| MD004015C RECEPTION CENTER BALTIMORE, MD 120773 | POWERS, DARWIN WALTER | 07/29/76 | C-TECH PV HB D-CONVICTED- CONFINEMENT-5Y RECEIVED-07/29/76 |
| MD002045C PATUXENT INSTITUTION JESSUP, MD PI3274 | POWERS, DERWIN WALTER | 10/06/76 | C-ROBBERY W/D/W D-CONVICTED- CONFINEMENT-15Y RECEIVED-10/06/76 PAROLED-10/17/80 |

CONTINUED NEXT PAGE

12508-14290

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

Case No. F 7407-89A-C
PDID No. 414-322

vs.

Wayne Powers

### JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☒ Guilty, to the Charge(s) of Count "B" Armed Robbery, Count "C" Armed Robbery, Count "D" Assault with Intent to Rob while Armed and having been found guilty by ☐ Jury ☒ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to

Count B  8 (eight) to 24 (twenty four) years
Count C  8 (eight) to 24 (twenty four) years
Count D  8 (eight) to 24 (twenty four) years

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed.
☒ MANDATORY MINIMUM term does not apply.
☒ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.
☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code [Youth Rehabilitation Act 1985].
☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:
  ☐ Observe the general conditions of probation listed on the back of this order.
  ☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.
  ☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows: _____
  ☐ Restitution of $_____ in monthly installments of $_____ beginning _____ (see reverse side for payment instructions). The Court will distribute monies to _____
  ☐ _____

Costs in the aggregate amount of $600.00 have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☒ have not been paid.
ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve as the commitment/order for the defendant.

8/17/89
Date                                                              Judge

Certification by Clerk pursuant to Criminal Rule...

A TRUE COPY
TEST: JUN 03 2003
Clerk, Superior Court of the District of Columbia

8/17/89
Date                                                              Deputy Clerk

Form CD(18)-1040/Aug. 87