UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

Derwin W. Powers,            )
        Plaintiff,           )
                             )
    v.                       )   CIVIL ACTION NO.: 06-0665(PLF)
                             )
Mayor Anthony Williams, et al., )
        Defendants.          )

PLAINTIFF'S OPPOSITION TO DEFENDANTS'

DISTRICT OF COLUMBIA MOTION TO DISMISS.

Comes now, Derwin Powers, plaintiff in the above cause, pro se interposing the Haines v. Kerner Standard, for pro se litigants 404 U.S. 519(1972).

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS.

PLAINTIFF, hereby move this Honorable Court to permit plaintiff Privacy Act complaint to proceed on its merits, so that justice can take its place. Grounds for this motion plaintiff contends agencies of the District of Columbia who prepared plaintiff record back in 1989, who are under the control of Mayor Anthony Williams(Hereinafter, "District") did violate plaintiff rights under title 5 U.S.C. 552a(e)(5)(6); 552a(d)(2);(B)(i); by not having records in plaintiff name maintain with such accuracy, relevance, timeliness and correctness as reasonably necessary to assure fairness to plaintiff in determinat-

(1)

under the control of Edward F. Reilly are responsible for using this information that was inaccurate, unreliable, District provided.

## FACTUAL BACKGROUND

On August 17, 1989, District of Columbia Superior Court sentenced plaintiff to 24 to 72 years after plaintiff pre-indictment plea of guilty to two counts of armed robbery and assault with intent to rob while armed. On February 24, 2005, plaintiff wrote Court Services requesting this agency to correct inaccurate information of violence and injuries to Mr. Jones, victim of the instant case, and delete or indicate robbery charge was dropped. Plaintiff also wrote District of Columbia records on February 24, 2005, requesting this agency to amend records that's indicating **separatees** in plaintiff records that were placed there before plaintiff entered Bureau of Prisons. John Walker 08559-007/ Charles Johnson/Jeffrey Wells 10894-007 all individuals who were in Lorton prisons during time defendant was. On November 5, 2004, plaintiff applied for parole. Plaintiff requested permission to view institutional files. Plaintiff's P.S.I. report not available at this time. On January 27, 2005, plaintiff went before parole examiner Howart. Plaintiff contested the use of faulty P.S.I. report, wrong conviction count, wrong guidelines application, and incorrect display of violence in P.S.I.

Plaintiff is now in possession of a copy of cassette tape of parole hearing, that he is contesting this use of all the faulty information.

Plaintiff wrote Parole Commission to attempt to get Parole Commission to flag inaccurate item(s) in P.S.I. and note information that was disputed-no answer. Plaintiff forwarded corrections. On March 13, 2006, plaintiff filed complaint to Superior Court of District of Columbia

(3)

ions. Plaintiff contends Privacy Act complaint should not be dismissed in pursuant to F.R.C.P. 12(b)(5) because plaintiff believe to the best of knowledge and circumstances, beyond his control he provided the district agencies with proper process of service. Plaintiff also contends pursuant to F.R.C.P. 4(L) that failure to make proof of service (if this is the scenario) do not invalidate that service, also plaintiff believe just as in contract law, service to agent is service to principle and service to principle is service to agent.

Finally plaintiff believe superior court rules are "moot" because superior court does not have proper jurisdiction over privacy act complaint, so in fact its rule are moot, now and in the beginning of this complaint. Plaintiff further contends as a matter of law there is clear evidence that relief can be granted for this privacy act complaint, because contrary to district argument that Commission is only proper defendant. Commission or Edward Rielly, Chairman, who is in fact responsible for Commission's action. Anthony Williams("Mayor") is custodian over district agencies he supervise the functions of his employees who carries out the functions of the district. Therefore, Mayor Anthony Williams and his agencies are proper defendants. When a customer have a complaint against an employee of a restaurant the proper person to notify is the manager, then if the administrative remedy process is unsuccessful then the owner is proper person to file a complaint. Now due to this faulty information the district dissiminated in records and files of plaintiff, plaintiff is being affected, and adverse decisions have been made as a result of inaccurate information. So to state Parole Commission is only proper defendant is ludicrous, because "District" action created this privacy act complaint, and Parole Commission

(2)

styled Privacy Act Violation, alleging inaccuracies in P.S.I. and adverse results to these inaccuracies. On March 23,2006, plaintiff mailed affidavits of service to "District" and U.S. Parole Commission. On March 28,2006, The Disrict and the U.S. Parole Commission mailed plainiff return of service reciepts. On March 30,2006, plaintiff mailed a copy of completion of service affidavit to clerk of court. On April 11, 2006, defendant Edward F.Reilly, defendant attorneys' filed notice to remove proceeding to the District Court for the District of Columbia.

On April 24,2006, plaintiff replied with motion to remand. Motion to remand was denied June 14,2006. On June 8,2006, Defendant Edward F. Reilly,(Chairman,Parole Commission) filed motion to dismiss plaintiff Privacy Act complaint, now pending. On June 20,2006, plaintiff responded to defendant (Chairman Edward Reilly) motion to dismiss, is now pending. On June 22,2006, the "District" filed motion to dismiss plaintiff's Privacy Act complaint, now pending.

## ARGUMENT

Plaintiff here contends the district created this privacy act problem and is liable because of their indifference to plaintiff records and consequences plaintiff has already incurred. The district want this Court to dismiss plaintiff claim pursuant to F.R.C.P. 12(b)(6) failure to state a claim in which relief can be granted but the law states clearly title 5 U.S.C. 552a(e)(5)(6) to maintain all records that are used by agencies in making any determinations about any individual with such accuracy relevance,timeliness and completeness as is reasonablely necessary to assure fairness to the individual in de**termination** pursuant to title 5 U.S.C. 552a(e)(6) and prior to dis-

(4)

siminating any record about an individual to any preson other than an agency, unless dissimination is made pursuant to subsection (b)(2) of this section to make reasonable efforts to assure that such records are accurate, complete, timely and relevant for agency purposes. "District" did not assure its records were in accordance with language of title 5 U.S.C. 552, 552a(e)(6)(5). see Doe v. U.S., 821 F.2d 694(D.C.1987). District in fact prepared a P.S.I. that is misleading and has brought adverse decision against plaintiff; district has placed separation orders in plaintiff records that hindered plaintiff from progressing in Bureau of Prison.

Plaintiff states these reasons and many others, plaintiff do believe there is a claim and relief can be granted. Especially because these records can be corrected; or indicate this information has been challeged. see Sellers v. Bureau of Prisons, 959 F.2d 307(D.C.Cir.1992); Baker v. England, 397 F.2d 18(2005). Plaintiff contends that he followed proper procedure in serving parties of "District". Plaintiff labored each document in accordance with sample package to clerk's office sent to file claim. Plaintiff do believe district did receive documents timely and properly, but to frustrate timely service filing did in fact violate their own in-house mailing proceedings that have been in place for over 2 years. By allowing unauthorize personnel sign for service of process.

"No one" knows who the signature are, this I believe becomes a criminal matter, mail tampering, fraud and abundancy of other violations, that now becomes a matter that needs to be investigated. Plaintiff believe also district has lied about these signatures. Plaintiff do believe one of these signatures is assistant deputy of civil division of litigation division Nadine Wilburn, who is named as an alternate to sign for service of process, also memo styled Office of Attorney General also states if none of agents listed as designees to accept pro-

(5)

cess of service, any employee can receive this mail but that employee shall note time, date of receipt and forward all papers received on employee to civil litigation division-see memo styled, Attorney General/No:2005-19. Plaintiff further contends attorney general office of district had two people sign for same return receipt, this is an intentional act, this is a tactic to manipulate filing process, something plaintiff has heard from other prisoners is a common practice of "District" to manipulate the filing process. Finally, District has presented documents to this Court as exhibits and commented on documents that they alleged they were not properly served, affidavit of service is one; complaint is two-item they are presenting but claiming they never received. Plaintiff do believe the court can see they were served.

Plaintiff is in a prison where telephone calls are monitored, defendant attorney admitted receipt of items in dispute. Plaintiff is presently in an institution where notaries are not always available.

Secretaries are not**aries** (some of them) and the ones assigned to perform notary duties aren't always here; so notaries for plaintiff areas was transferred at time of filing so plaintiff adopted alternative for prisoner to notary in pursuant to 28 U.S.C. §1746. Finally, plaintiff do agree with district, U.S. Parole Commission to have exclusive jurisdiction over all district of columbia felony prisoners pursuant to revitalization and self govrnment improvement of 1997, though this is not totally true, because plaintiff is under "old laws" for the record. Plaintiff agree in part,(plaintiff sentence began in 1989); see Pub.L.No: 105-33 §11231(a)(1) stat. D.C. Code §24-131(a).

But plaintiff want Court know though Parole Board has certain control over plaintiff it do not/nor do District earn the right to violate the law because of Revitalization Act of 1997, nor do this give

the district the authority to use or dissiminate incorrect unreliable information in violation of privacy act and plaintiff rights that are protected under the statute. Plaintiff contends this is not the purpose Congress created the privacy act but was designed to create a code of fair information practice to govern Federal agencies that collect and store and dissiminate personal information about an individual; see Dickerson v. Office of Personnel Management, 828 F.2d 32(D.C.Cir.1987).

## CONCLUSION

Plaintiff believe he has presented a case where relief can in fact be granted also plaintiff believe in a typical Privacy Act complaint.

It is feasibly necessary and proper for the agency and in turn the district court to determine whether each filed item of information is accurate and further more where the facts at issue are clearly provable, the district court must conduct a de novo review of evidence to determine the accuracy of these records and to determine if this information is in the nature of a subjective opinion or otherwise incapable of being verified. This Court don't need to make credibility determinations but rather should ensure that the district agencies acted fairly and where appropriate cause the plaintiff files to reflect dispute. see Sellers v. Bureau of Prisons, 959 F.2d 307(D.C.Cir.1992). Plaintiff do believe there is a privacy act violation here and plaintiff's rights under this statute has gravely been violated and for justice to prevail, plaintiff move this Honorable Court to allow plaintiff complaint to proceed on its merit. Plaintiff again remind Court that plaintiff is filing this complaint pro se pursuant to Haines v. Kern, 404 U.S.519(1972), standards, and in forma paupis, so plaintiff is not an attorney and plain-

tiff do not know as much law as district lawyer, but plaintiff do know his rights are being violated by the information prepared by "district".

**WHEREFORE,** plaintiff pray this Court will grant him a day in court to present the facts.

RESPECTFULLY SUBMITTED,

*Derwin W Powers*
Derwin W. Powers, pro se
F.C.C. Petersburg
P.O. Box 90043
Petersburg, VA 23804

### CERTIFICATE OF SERVICE

I HEREBY certify under penalty of perjury that above statement are true to best of my knowledge, and furthermore I sent copies of the foregoing motion "Plaintiff's Opposition to Defendant's Motion to Dismiss, and supporting Points and Authorites by way of certified mail to: 7-12-06

Eric J. Janson
Special Assistant United States Attorney
U.S. Attorney's Office
555 Fourth Street N.W.
Washington, D.C. 20001

(8)

James H. Vricus
Assistant Attorney General
441 4th Street N.W.
Washington, D.C. 2001