UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Derwin Powers,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Civil Action No. 06-0665 (PLF) |
| : | |
| **Mayor Anthony Williams, et al.,** : | |
| : | |
| **Defendants.** : | |
| : | |

## DEFENDANT DISTRICT OF COLUMBIA'S[1] RENEWED MOTION TO DISMISS

Defendant, District of Columbia, by and through undersigned counsel and pursuant to F.R.C.P.12(b)(6), hereby moves this Honorable Court to dismiss the plaintiff's complaint.

A Memorandum of Points and Authorities in support of this Motion is attached hereto. Because this is a dispositive motion, the defendant is not required to seek the plaintiff's consent pursuant to LCvR 7.1(m).

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

---

[1] The plaintiff's complaint names Mayor Anthony Williams and the Office of the Attorney General as defendants in this matter. Having failed to state any claims against Mayor Williams in his individual capacity, the District assumes the plaintiff has brought suit against the Mayor in his official capacity. Such a claim is the same as a suit against the District of Columbia. Similarly, a suit against the non sui juris Office of the Attorney General is the functional equivalent of a suit against the District of Columbia.

                                            */s/ Holly M. Johnson /s/*
                                            HOLLY M. JOHNSON
                                            Section Chief
                                            General Litigation Section III


                                            */s/ James H. Vricos /s/*
                                            JAMES H. VRICOS
                                            Assistant Attorney General
                                            Bar Number: 474026
                                            441 4th Street, N.W., 6S74
                                            Washington, D.C. 20001
                                            (202) 724-6600
                                            (202) 727-3625 (fax)
                                            James.Vricos@dc.gov


## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on <u>August 4, 2006</u> a copy of the foregoing Renewed Motion to Dismiss, Memorandum of Supporting Points and Authorities and proposed order was sent via first class mail postage prepaid, or the U.S. District Court's electronic notification service, to:

Derwin Powers
B.O.P., #09309-007
P.O. Box 90043
Petersburg, VA 23804

Eric J. Janson
Special Assistant United States Attorney
U.S. Attorney's Office
555 Fourth Street, NW
Washington, DC 20001

                                            */s/ James H. Vricos /s/*
                                            James H. Vricos
                                            Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Derwin Powers,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Civil Action No. 06-0665 (PLF) |
| : | |
| : | |
| **Mayor Anthony Williams, et al.,** : | |
| : | |
| **Defendants** : | |
| : | |

**MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING
DEFENDANT DISTRICT OF COLUMBIA'S RENEWED MOTION TO DISMISS**

Defendant, District of Columbia (hereinafter "the District"), by and through undersigned counsel and pursuant to F.R.C.P. 12(b)(6), hereby moves this Honorable Court to dismiss the plaintiff's complaint because the complaint fails to state a claim upon which relief can be granted against the District of Columbia.

**BACKGROUND**

On August 17, 1989, the plaintiff was sentenced to seventy-two years in prison by the Superior Court of the District of Columbia for the offenses of armed robbery, and assault with intent to rob while armed. On March 13, 2006, the plaintiff filed his complaint in the Superior Court for the District of Columbia alleging inaccuracies in his Pre-Sentencing Report (PSR).

On March 31, 2006, plaintiff filed an amended complaint with the court indicating, among other things, that he was seeking injunctive and monetary relief under the Privacy Act and that he was "holding the Parole Board Liable for use of incorrect information and not maintaining [a] correct record …" (Amended Complaint, Page 2.) Plaintiff also alleges that Mayor Anthony is the "custodian" over the District of Columbia Department of Corrections and

as such is liable. (Amended Complaint, Page 3.) On April 11, 2006, this matter was removed to Federal District Court. On April 14, 2006, this Honorable Court issued its order denying the plaintiff's motions to remand to the Superior Court and construing the plaintiff's complaint as bringing claims under the Privacy Act against the Chair of the United States Parole Commission.

On June 22, 2006, the District filed its Motion to Dismiss arguing that: 1) District had not been properly served by the plaintiff and, 2) the plaintiff had failed to state a claim upon which relief can be granted against the District. On July 20, 2006, the Court issued an order denying the District's motion concerning the service issue and denying, without prejudice, the District's motion regarding its second argument. In its order the Court allowed the District an additional fifteen days to renew its motion with regard to the District's substantive argument and ordered that any such renewed motion be accompanied by a statement of specific points of law and authority pursuant to LCvR 7(a).

## STANDARD OF REVIEW

A motion to dismiss pursuant to F.R.C.P. 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). The moving party is entitled to judgment if there are no allegations in the complaint that could provide a basis for recovery. *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (1987).

Although the non-moving party enjoys the benefit of all inferences that reasonably can be drawn from the allegations alleged in the complaint, bare conclusions of law—or sweeping and unwarranted averments of fact—will not be deemed admitted for purposes of a motion under Rule 12(b)(6). *Id.* The court need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions

cast in the form of factual allegations." *Kowal v. MCI Communications Corp.,* 305 U.S. App. D.C. 60, 16 F.3d 1271, 276 (1994).

## ARGUMENT

The plaintiff fails to state a claim upon which relief can be granted, because the District is not a proper party to this cause of action. In his complaint the plaintiff names, among others, the Mayor of the District of Columbia as a defendant. Having failed to state any claims against Mayor Williams in his individual capacity, the District assumes the plaintiff has brought suit against the Mayor in his official capacity. Such a claim is the same as a suit against the District of Columbia.

The plaintiff's complaint fails to state an actionable claim against the District. In its order of June 14, 2006, the Court construed the plaintiff's complaint as bringing a claim under the Privacy Act, *see* U.S.C. § 552a, against the Chair of the United States Parole Commission. In *Reid v. Federal Bureau of Prisons, et al.,* 2005 WL 1699425 (D.D.C. July 20, 2005), Judge Huvelle describes the basic framework of the Privacy Act in cases such as this:

> Generally, the Privacy Act provides a means by which an individual may access a federal government agency's records pertaining to him, and may request amendment of such records…. An individual may bring civil action against an agency which refuses access to its records, refuses to amend its records upon request, or fails to maintain its records with the requisite level of accuracy and completeness.

*Id. at 2* (citations omitted.).

However, in an explicit exception to the Privacy Act, 5 U.S.C. § 551(1)(D) states that the Privacy Act does not apply to the District of Columbia. The statute defines an "agency," to which the statute applies, as "each authority of the Government of the United States, whether or

not it is within or subject to review by another agency, but does not include…the government of the District of Columbia." *See also Williams v. District of Columbia, et al,* 1996 WL 422328 at *5 (D.D.C. July 19, 1996)("[T]he Privacy Act does not apply to the District of Columbia.")

Furthermore, even if this were not a Privacy Act claim, the District does not have the authority to modify the plaintiff's PSR. The United States Parole Commission has exclusive jurisdiction over all District of Columbia felony prisoners pursuant to the National Capital Revitalization and Self-Government Improvements Act of 1997("Revitalization Act") . Pub L. No. 105-33, § 11231(a)(1), 111 Stat. D.C. Code § 24-131(a). On August 5, 2008, the Revitalization Act transferred to the "United States Parole Commission the jurisdiction and authority of the Board of Parole of the District of Columbia to grant and deny parole…" *Franklin v. District of Columbia,* 163 F.3d 625, 632 (D.C.Cir. 1998).

Here, the District of Columbia is statutorily immune from actions brought under the Privacy Act. Further, under the Revitalization Act, it is the United States Parole Commission that is vested with the jurisdiction to provide the type of the relief the Plaintiff seeks. Therefore, the plaintiff has failed to state a claim upon which relief can be granted against the District as the District is not a proper party to this litigation. Accordingly, the plaintiff's complaint against the District should be dismissed.

WHEREFORE, defendant District of Columbia, respectfully requests this Court dismiss Plaintiff's complaint against the District.

    Respectfully submitted,

    ROBERT J. SPAGNOLETTI
    Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Holly M. Johnson /s/*
HOLLY M. JOHNSON [476331]
Section Chief
General Litigation Section III

*/s/ James H. Vricos /s/*
JAMES H. VRICOS
Assistant Attorney General
Bar Number: 474026
441 4th Street, N.W., 6S74
Washington, D.C. 20001
(202) 724-6600
(202) 727-3625 (fax)
James.Vricos@dc.gov

| | |
|---|---|
| **Derwin Powers,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Civil Action No. 06-0665 (PLF) |
| : | |
| : | |
| **Mayor Anthony Williams, et al.,** : | |
| : | |
| **Defendants.** : | |
| : | |

## ORDER GRANTING DEFENDANTS DISTRICT OF COLUMBIA'S MOTION TO DISMISS THE COMPLAINT

Upon consideration of the Defendant District of Columbia's Renewed Motion to Dismiss, any opposition thereto, and the facts and law considered, it is by the Court this _____ day of _____, 2006,

ORDERED:    that the Motion is GRANTED; and it is

FURTHER ORDERED: that the plaintiff's complaint against the District of Columbia is HEREBY DISMISSED

_____
PAUL L. FRIEDMAN
United States District Judge

Copies to:

Derwin Powers
B.O.P.
P.O. Box 90043
Petersburg. VA 23804

Via electronic filing:
James H. Vricos, Esq.
Eric J. Janson, Esq.