UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLUMBIA

DERWIN W. POWERS
    Plaintiff,

VS.                                CIVIL ACTION NO. 06-0665(PIF)

MAYOR ANTHONY WILLIAMS, et. al.,

PLAINTIFF MOTION IN OPPOSITION TO
DEFENDANT'S RENEWED MOTION TO DISMISS

    COME NOW, Derwin W. Powers, Plaintiff in the above cause, Pro Se interposing Hanes v. Kerner, standards for Pro Se litigants 404 U.S. 519(1972)

MEMORANDUM OF POINTS AND AUTHORITIES

    Plaintiff, hereby move this Honorable Court to permit Plaintiff Privacy Act complaint to proceed on its merits so that justice can take its place. Grounds for this motion plaintiff contends agencies, Court Services, D.C. Records, District of Columbia Department of Corrections, all agencies of the District of Columbia, agencies under the authority and control of Mayor Anthony Williams, (herein after "The District") did violate plaintiff's rights under Title 5 USC. Section 552a(e)(5)(6)(d)(2);(B)(i); by not having records in plaintiff name maintained with such accuracy, relevances, timeliness and correctness as reasonablely necessary to assure fairness to plaintiff to plaintiff in determinations.

RECEIVED

AUG 2 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Plaintiff also contend "District" is not exempt from the language of the Privacy Act title 5 USC. 552a, because plaintiff is not an agency and title 5 USC. 551(d) is speaking about actions of agency to agency and language in 552a speak differently about agencie and individual rights and does not exclude "District" from its meaning or being bound contrary to the "District " argument.

## FACTUAL BACKGROUND

On August 17, 1989, District of Columbia Superior Court sentened plaintiff to 24 to 72 years after plaintiff pre-indictment plea of guilty to two counts of armed robbery and assault with intent to rob while armed. On february 24, 2005, plaintiff wrote the Court services requesting this agency to correct inaccurate information of violence injuries to Mr. Jones victim of instant case, and delete or indicate robbery charge was dropped. Plaintiff also wroteDistrict of Columbia records on February 24, 2005, requesting this agency to amend records that indicating separatees in plaintiff's records that were placed there before plaintiff entered the Bureau of Prisons. John Walker 08559-007/Charles Johson/Jeffrey Wells 10894-007 all individuals who were in Lorton Prisons during time defendant was. On November 5, 2004, plaintiff applied for parole, plaintiff requested permission to view instittuional files. Plaintiff's P.S.I. report was not available at this time. On January 27, 2005, plaintiff went before Parole Examiner Mr. Howart, plaintiff contested the use of faulty P.S.I. report there was wrong conviction count, wrong guidelines application, and incorrect display of violence in the P.S.I.

2.

Plaintiff is now in the possession of a copy of a cassette of the Parole Hearing that he is contesting this use of all the faulty information. Plaintiff wrote the commission to attempt to get the Parole Commission to flag the inaccuracies in the P.S.I. and note information that was disputed, I received no answer. Plaintiff forwared corrections on March 13, 2006, plaintiff filed a complaint to Superior Court of the District of Columbia styed Privacy Act Violation, alleging inaccuracies in the P.S.I. and adverse results to these inaccuracies. On March 23, 2006 plaintiff mailed an affidavits of service to "District" and U.S. Parole Commission. On March 28, 2006 the District and the U.S. Parole Commission mailed plaintiff return of service receipts. On March 30, 2006 plaintiff mailed a copy of completion of service affidavit to Clerk of the court. On April 11, 2006 defendant Edward F. Reilly, defendant's attorney filed notice to remove proceeding to the District Court for the District of Columbia.

On April 24, 2006 plaintiff replied with a motion to remand the motion to remand was denied June 14, 2006. On June 8, 2006 defendant Edward F. Reilly, (Chairman, Parole Commission) filed a motion to dismiss plaintiff's Privacy Act complaint, now pending. On June 20, 2006 plaintiff resonded to defendant (Chairman Edward Reilly) motion to dismiss, is now pending. On June 22, 2006, the "District" filed motion to dismiss plaintiff's Privacy Act complaint now pending. On July 20, 2006 the Court issued an order (Plaintiff did not receive a copy of) denying "District" motion concerning process of service violations

3.

and denying District second argument without prejudice, allowing "District" to refile motion to dismiss, August 4, 2006 District refiled Motion to Dismiss.

## ARGUMENT

Plaintiff here contend the "District" created this Privacy Act problem and is liable because of "district" indifference to plaintiff records and consequences plaintiff has already incurred. The "District" want this court to dismiss plaintiff's claim, pursuant to F.R.C.P. 12(b)(6) for failure to state a claim in which relief can be granted, and due to language in title 5 USC. 551(d), dealing with agencies that can be challenged under Privacy Act.  But the law states clearly in title 5 USC 552a(e)(5)(6) to maintain all records that are used by agencies in making any determinations about any individual with such accurracy relevance, timeliness and completeness as is reasonalblely necessary  to assure fairness to the individual in determination pursuant to title 5 USC 552a(e)(6)(5), and prior to dissemination any records about an individual to any person other than an agency, unless dissemination is made pursuant to subsection (b)(2) of this section to make reasonable efforts to assure that such records are accurate, complete, timely and relevant for agency purpose. The District did not assure its records were in accordance with language of title 5 USC 552a(e)(6)(5) see <u>Doe v. U.S.</u>, 821 F. 2d 694(1987). The District in fact prepared a P.S.I. that is misleading and has brought adverse decisions against plaintiff, the "District" had placed separations orders in plaintiff's records that has hindered plaintiff from progressing in the Burea of Prisons.

4.

Plaintiff also states in regard to defendant "District" argument that the explicit exception to the Privacy Act title 5 USC 551(1)(b) states Privacy Act does not apply to the District. Plaintiff disagree with "District" on this issue, because plaintiff believe the "District" has misunderstood the difference in the language of title 5 USC 551(1)(d), that is speaking about when an agency is disseminating information, agency to agency. Plaintiff is not filing a complaint under the same rules of anagency but to an agency from a individual who is entitled to protection from agency who gather information about an individual, again plaintiff contends the "District" is not exempt from this privacy act complaint because plaintiff is not filing this complaint in accordance with the lantuage of title 5USC 551(1)(d), that is in regard to agency to agency transfering information, not a private citizen or a individual entity. Plaintiff also remind the Court plaintiff is not filing this complaint as an agency.

Plaintiff believe the "District" would be correct in the argument it put forth if this was a matter of agency to agency as far as the language in title 5 section 551(1)(d), plaintiff believe rule are a little different for private citizens and agencies. Plaintiff agree also in part with the "District" that the agencies in place today under the control of the Parole Commission are the proper one's to correct, or belabor plaintiff's records in the complaint as challenged, equally D.C. records, B.O.P. must correct other aspects of plaintiff's records, however plaintiff contend this does not excuse the facts, that the "District" is responsible and liable, see

5.

Seller v. Bureau of Prisons, 959 F.2d. 307 (D.C. Cir. 1992) for ddamages plaintiff already incurred and accrued. For over a decade being placed in level (6) prisons, life threaten, being assualted two times, placed over 500 miles from family and loss of so many (family) members and not being able to say good-bye all because plaintiff was placed so far away from family and placed with the worse of worse prisoners due to information the "District" agencies disseminated in plaintiff records and other agencies in violation of plaintiff's Privacy Rights under title 5 USC section 552a(e)(5)(6) 552a(d)(6)(B)(i).

   Plaintiff also contends "District" disregard and refusal to correct inaccuracies after being brought to its agencies attention was intentional disregard to language in title 5 USC 552a(e)(5)(6); (d)(2)(b)(i), plaintiff also believe by these intentional action of "District", the District is liable to plaintiff for money damages. See 5 USC 552a(e)(5),(g)(i)(c),(g)(4); also see Sellers v. Bureau of Prisons, 959 F.2d. 307(D.C. Cir. 1992). Plaintiff contends also action of "District" does not reflect the purpose congress created the privacy act for, plaintiff believe congress intent was to create a code of fair information practice to govern different agencies that collect and store informaion and disseminate personal information about a individual. See Dickerson v. Office of Personnel Managment, 828 F.2d 32(D.C. Cir. 1987).

6.

## CONCLUSION

Plaintiff believe he has presented a case where relief can in fact be granted also plaintiff believe in a typical Privacy Act complaint.

It is feasibly necessary and proper for the agency and in turn the District Court to determine whether each filed item of information is accurate and furthermore where the facts at issue are clearly provable, the District Court must conduct a de novo review of evidence to determine the accuracy of these records and to determine if this information is in the nature of a subjective opinion or otherwise incapable of being verified. this court don't need to make credibility determinations but rather should ensure that the District agencies acted fairly and where appropriate cause the plaintiff files to reflect dispute. see <u>Sellers v. Bureau of Prisons</u>, ( F.2d. 307(D.C. Cir. 1992). Plaintiff do believe there is a privacy act violation here and plaintiff's rights under this statute has gravely been violated and for justice to prevail, plaintiff move this Honorable Court to allow plaintiff complaint to proceed on its merits. Plaintiff again remind Court that Plaintiff is filing this complaint pro se pursuant to <u>Haines v. Kerner, 404 U.S. 519(1972)</u>, standards, and in form a paupis, so plaintiff is not an attorney and plaintiff do not know as much law as district lawyer, but plaintiff do know his rights are being violated by the information prepared by "District"

WHEREFORE, Plaintiff pray this Court will grant him a day in Court to present the facts.

RESPECTFULLY SUBMITTED,

*[signature]*
DERWIN W. POWERS, PRO SE
FCI PETERSBURG
P.O. BOX 90043
PETERSBURG, VA 23804

7.

## CERTIFICATE OF SERVICE

I HEREBY certify under penalty of perjury that above statement are true to best of my knowledge, and furthermore I sent copies of the foregoing motion "Plaintiff's Opposition to Defendant's New Motion to Dismiss, and supporting Points and Authorites by way of Certified Mail to:

James H. VRiocos

Assistant ATTorney General
441 4th Street N.W.
Washington D.C. 20001


Eric J. Janson

Special Assistant UNite states

U.S. Attorneys Office
555 fourth street, N.W.

Washington D.C. 20001