UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Derwin Powers,** | :<br>:<br>: |
| **Plaintiff,** | :<br>: |
| v. | :     Civil Action No. 06-0665 (PLF) |
| | :<br>: |
| **Mayor Anthony Williams,** *et al.*, | :<br>: |
| **Defendants.** | :<br>: |

**DEFENDANT DISTRICT OF COLUMBIA'S REPLY TO THE PLAINTIFF'S OPPOSITION TO THE DISTRICT'S RENEWED MOTION TO DISMISS**

Defendant, District of Columbia (hereinafter "District"), by and through undersigned counsel, hereby responds to the Plaintiff's Opposition to the District's Motion to Dismiss as follows:

**PROCEDURAL BACKGROUND**

On March 31, 2006, plaintiff filed his amended complaint with the court indicating, among other things, that he was seeking injunctive and monetary relief under the Privacy Act and that he was "holding the Parole Board Liable for use of incorrect information and not maintaining [a] correct record …" (Amended Complaint, Page 2.) On April 11, 2006, this matter was removed to Federal District Court. On April 14, 2006, this Honorable Court issued its order denying the plaintiff's motions to remand to the Superior Court and construing the plaintiff's complaint as bringing claims under the Privacy Act against the Chair of the United States Parole Commission.

On June 22, 2006, the District filed its Motion to Dismiss arguing that: 1) the District had not been properly served by the plaintiff, and 2) the plaintiff had failed to state a claim upon

1

which relief can be granted against the District. On July 20, 2006, the Court issued an order denying the District's motion concerning the service issue and denying, without prejudice, the District's motion regarding its second argument. In its order the Court allowed the District an additional fifteen days to renew its motion with regard to the District's substantive argument and ordered that any such renewed motion be accompanied by a statement of specific points of law and authority pursuant to LCvR 7(a).

On August 6, 2006, the District filed its Renewed Motion to Dismiss maintaining that the plaintiff had failed to state a claim against which relief can be granted and that the plaintiff's complaint should be dismissed pursuant to F.C.R.P. 12(b)(6), because, in an explicit exception to the Privacy Act, 5 U.S.C. § 551(1)(D) states that the Privacy Act does not apply to the District of Columbia. The District also argued that it lacks the authority to provide the relief sought by the plaintiff, because the United States Parole Commission has exclusive jurisdiction over all District of Columbia felony prisoners pursuant to the National Capital Revitalization and Self-Government Improvements Act of 1997. On August 21, 2006, the plaintiff filed his Opposition to the District's Renewed Motion to Dismiss.

## ARGUMENT

**PLAINTIFF FAILED TO REFUTE THE DISTRICT'S ARGUMENT THAT THE PRIVACY ACT DOES NOT APPLY TO IT.**

As noted above, in its Renewed Motion to Dismiss the District relied upon an explicit exception to the Privacy Act, 5 U.S.C. § 551(1)(D) which states that the Privacy Act does not apply to the District of Columbia. The statute defines an "agency," to which the statute applies, as "each authority of the Government of the United States, whether or not it is within or subject to review by another agency, but does not include…the government of the District of Columbia."

See also Williams v. District of Columbia, et al., 1996 WL 422328 at *5 (D.D.C. July 19, 1996)("[T]he Privacy Act does not apply to the District of Columbia.")

      In addition to the authority cited above, there is abundant authority that stands for the proposition that the Privacy Act is limited to actions against agencies of the Federal government and does not apply to state agencies or individuals. See, e.g., Perez-Santos v. Malave, 23 Fed. Appx. 11, 12 (1st Cir. 2001) (per curiam); Dittman v. California, 191 F.3d 1020, 1026, 1029 (9th Cir. 1999); Ortez v. Washington County, Or., 88 F.3d 804, 811 (9th Cir. 1996); Brown v. Kelly, No. 93-5222, 1994 WL 36144, at *1 (D.C. Cir. Jan. 27, 1994) (per curiam); Monk v. Teeter, No. 89-16333, 1992 WL 1681, at *2 (9th Cir. Jan. 8, 1992); Davidson v. Georgia, 622 F.2d 895, 896 (5th Cir. 1980); Schmitt v. City of Detroit, 267 F. Supp. 2d 718, 722 (E.D. Mich. 2003) (appeal pending); Villa v. Vill. of Elmore, No. 3:02CV7357, 2002 WL 31728970, at *5 (N.D. Ohio Dec. 3, 2002), appeal dismissed sua sponte as untimely, No. 03-3034 (6th Cir. Mar. 28, 2003); Daniel v. Safir, 175 F. Supp. 2d 474, 481 (E.D.N.Y. 2001) (although characterizing claims as under FOIA, dismissing Privacy Act claims against local agency), aff'd, 42 Fed. Appx. 528 (2d Cir. 2002); Atamian v. Ellis, No. 00-797, 2001 WL 699016, at *3 (D. Del. June 19, 2001), aff'd, 35 Fed. Appx. 356 (3d Cir. 2002) (unpublished table decision); Lampkin v. N.Y. City Dep't of Prob., No. 00 Civ. 7165, 2001 WL 210362, at *2 (S.D.N.Y. Feb. 28, 2001); Markun v. Hillsborough County Dep't of Corr., No. 97-208, 1999 WL 813949, at *1 (D.N.H. Sept. 17, 1999); McClain v. United States Dep't of Justice, No. 97 C 0385, 1999 WL 759505, at *2 (N.D. Ill. Sept. 1, 1999), aff'd, 17 Fed. Appx. 471 (7th Cir. 2001); Ferguson v. Ala. Criminal Justice Info. Ctr., 962 F. Supp. 1446, 1446-47 (M.D. Ala. 1997); Martinson v. Violent Drug Traffickers Project, No. 95-2161, 1996 WL 411590, at **1-2 (D.D.C. July 11, 1996), summary affirmance granted, No. 96-5262 (D.C. Cir. Sept. 22, 1997); Mamarella v. County of Westchester, 898 F.

Supp. 236, 237-38 (S.D.N.Y. 1995); Reno v. United States, No. 4:94CV243, 1995 U.S. Dist. LEXIS 12834, at *6 (W.D.N.C. Aug. 14, 1995) (state national guard); Connolly v. Beckett, 863 F. Supp. 1379, 1383-84 (D. Colo. 1994); MR by RR v. Lincolnwood Bd. of Educ., Dist. 74, 843 F. Supp. 1236, 1239-40 (N.D. Ill. 1994), aff'd sub nom; Rheinstrom v. Lincolnwood Bd. of Educ., Dist. 74, No. 94-1357, 1995 U.S. App. LEXIS 10781 (7th Cir. May 10, 1995); Malewich v. USPS, No. 91-4871, slip op. at 19 (D.N.J. Apr. 8, 1993), aff'd, 27 F.3d 557 (3d Cir. 1994) (unpublished table decision); Shields v. Shetler, 682 F. Supp. 1172, 1176 (D. Colo. 1988); Ryans v. N.J. Comm'n, 542 F. Supp. 841, 852 (D.N.J. 1982). Additionally, neither federal funding nor regulation converts such entities into covered agencies. See St. Michaels Convalescent Hosp. v. California, 643 F.2d 1369, 1373 (9th Cir. 1981).

In his Opposition to the District's Motion the plaintiff fails to sufficiently address the District's argument that the District can not be a proper party to an action brought under the Privacy Act. The plaintiff seems to argue that, because the District at some point was involved in the preparation and maintenance of records having to do with his current sentence, the District is now subject to the provisions of the Privacy Act.

The plaintiff offers no legal authority that would allow the Court the conclude that the explicit exception describe in 5 U.S.C. § 551(1)(D) should not control in this case. Indeed, all three cases relied upon by the plaintiff to establish a right to recovery under the Privacy Act involved claims brought by individuals against Federal agencies. See Doe v. United States, 821 F.2d 694 (D.C. Cir. 1987) (public employee, who had attempted to obtain security clearance, brought action against Department of State, whose records contained conflicting reports); Sellers v. Bureau of Prisons, 959 F.2d 307 (D.C. Cir. 1992) (inmate filed action under Privacy Act against Bureau of Prisons and Parole Commission); Dickenson v. Office of Personnel

4

Management, 828 F.2d 32 (D.C. Cir. 1987) (former government employee sought to have adverse information removed from file maintained by Federal Office of Personnel Management).

Similarly, the plaintiff fails to sufficiently address the District's argument that it is does not possess the authority to offer the plaintiff the relief sought. The United States Parole Commission has exclusive jurisdiction over all District of Columbia felony prisoners pursuant to the National Capital Revitalization and Self-Government Improvements Act of 1997 ("Revitalization Act"). Pub L. No. 105 -33, § 11231(a)(1), 111 Stat. D.C. Code § 24-131(a). On August 5, 2008, the Revitalization Act transferred to the "United States Parole Commission the jurisdiction and authority of the Board of Parole of the District of Columbia to grant and deny parole…" Franklin v. District of Columbia, 163 F.3d 625, 632 (D.C.Cir. 1998). Other that stating that simply stating the conclusion that the District "is responsible and Liable" the plaintiff offers no clear argument to counter the District's second argument. (See plaintiff's Opposition at Page 5.)

The plaintiff fails to state any legal basis upon which the court could reasonably conclude that the District is a proper party to this action pursuant to the Privacy Act. The plaintiff also fails to refute the District's argument that it is without jurisdiction to alter the plaintiff's records. Accordingly, the District respectfully requests that the Court treat these arguments as conceded and dismiss the plaintiff's complaint.

WHEREFORE, the District of Columbia respectfully requests that the Court dismiss the plaintiff's complaint.

        Respectfully submitted,

        ROBERT J. SPAGNOLETTI
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        */s/ Nicole L. lynch /s/*
        NICOLE L. LYNCH
        Section Chief
        General Litigation Section II


        */s/ James H. Vricos /s/*
        James H. Vricos [474026]
        Assistant Attorney General
        441 4th Street, N.W.
        6th Floor South
        Washington, D.C. 20001
        (202) 724-6600
        (202) 727-3625 (fax)


## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on <u>September 8, 2006</u> a copy of the foregoing Reply to Plaintiff's Opposition to District's Motion to Dismiss, was sent via first class mail postage prepaid, or the U.S. District Court's electronic notification service, to:


Derwin Powers
B.O.P., #09309-007
P.O. Box 90043
Petersburg, VA 23804

Eric J. Janson
Special Assistant United States Attorney
U.S. Attorney's Office
555 Fourth Street, NW
Washington, DC 20001


        */s/ James H. Vricos /s/*
        James H. Vricos
        Assistant Attorney General