UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED

SEP 2 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DERWIN W. POWERS
        PLAINTIFF,

VS.                              CIVIL ACTION NO: 06-0665(PLF)

MAYOR ANTHONY WILLIAMS, et.al.,
COURT SERVICE,
DEPARTMENT OF CORRECTIONS,

PLAINTIFF MOTION IN OPPOSITION TO
DEFENDANT'S RENEWED MOTION TO DISMISS

     Come Now, Derwin W. Powers, plaintiff in this case, pro Se,

interposing Haines V. Kerner, standards for pro Se litigants cited

in 404 US 519, 30 Led 2d 652,92 S Ct 549 (1972).

MEMORANDUM OF POINTS AND AUTHORITIES:

     Plaintiff contend that this privacy act complaint can prevail

because plaintiff's can establish that agencies under Mayor Anthony

Williams, control Court Services, Department of Corrections and D.C.

Records, and that such agencies did not maintain plaintiff records

in accordance with language of 5 USC 552a (e)(5)(6)(d)(b)(i)(g)(4)

(a)(1)(c)(d); plaintiff also contend plaintiff will show that

District agencies under Mayor Williams controls are also bound by

language of 552a; as a result of federal governments involement in

these agencies day to day operations and civil services workers,

works in said agencies. And finally plaintiff, believe that the

District is in fact liable for damages in line with title 5 USC

552a (4)(a)(b). Plaintiff will also show that the District is the
proper defendant[s] and Mayor Anthony Williams in his official
capacity is the custodian of these agencies, and he is equally
liable for those agencies actions.

## FACTUAL HISTORY

On August 17,1989, District of Columbia Superior Court sentenced
plaintiff from 24 to 72 years after plaintiff pre-indictment plea
of guilty to two counts of armed robbery and assault with intent to
rob while armed. On February 24,2005, plaintiff wrote the Court
Services requesting this agency to correct the inaccurate information
of violence injuries to Mr. Jones,(the victim of this instant case)
and delete or indicate that the robbery charged was dropped. Plaintiff
also wrote to District of Columbia records on February 24,2005, requesting
this agency to amend his records that indicating separatees in
plaintiff's records that were placed there before plaintiff entered
the Bureau of Prisons.(John Walker,Reg.# 08559-007/Charles Johnson,
Reg.# unknown, and Jeffrey Wells,Reg.# 10894-007) all individuals
who were in Lorton Prisons during the same time as plaintiff. On
November 5, 2004, plaintiff applied for parole and requested permission
to view the institutional files. Plaintiff's P.S.I.  report was not
available at that time. On January 27,2005, plaintiff went before
the Parole Examiner, Mr. Howart. Plaintiff contested the used of
faulty P.S.I. report. There was wrong conviction count, wrong
guidelines application, and incorrect display of violence in the
P.S.I.

Plaintiff is now in possession of a copy of a cassette tape "OF THE PAROLE HEARING" that he is contesting the used of all faulty information. Plaintiff wrote the commission in attempt to get the Parole Commission to flag the inaccuracies in the P.S.I., and note that such informations was being disputed, plaintiff received no answer. Plaintiff forwarded a request for corrections on March 13, 2006. Plaintiff filed a complaint to Superior Court of the District of Columbia, styled "Privacy Act Violation", alleging inaccuracies informations in the P.S.I., and adverse results to those inaccuracies.

On March 23,2006, plaintiff mailed an affidavits of service to "District" and U.S. Parole Commission. On March 28 2006, the District and the U.S. Parole Commission mailed plaintiff his returned of service of service receipts. On March 30 2006, plaintiff mailed a copy of completion of service affidavit to Clerk of Court. On April 11, 2006, defendant, Edward F. Reilly, attorney filed notice to moved proceeding to the District Court for the District of Columbia.

On April 24 2006, plaintiff replied with a motion to remand the motion for remand was denied on June 14,2006. On June 8 2006, counsel for defendant Edward F. Reilly,(Chairman of Parole Commission) filed a motion to dismiss plaintiff's Privacy Act complaint, now pending. on June 20 2006, plaintiff responded to defendant's Reilly motion to dismiss(now pending).

On June 22 2006, the "District" filed a motion to dismiss plaintiff's Privacy Act Complaint. On July 20 2006, this Honorable Court issued an order, (which plaintiff have not received) denying the "District" motion concerning process of service violations

-3-

and denying the District second argument without prejudice, allowing
"District" to refile motion to dismiss. August 4, 2006, the District
refiled its' motion to dismiss. On September 8, 2006, the District
refiled and renewed its' motion to dismiss, which is now pending.

## ARGUMENT

### DEFENDANT FAILED TO ADDRESS PLAINTIFF ARGUMENT UNDER 5 USC 552a.

The defendant "District" renewed motion to dismiss, defendant
inserted 5 USC 551 paragraph (D); plaintiff did not bring this
complaint under 551 or section 552 of this title, which speaks of
"Administrative Procedures". Section 551 is not in compliance with
section 552a, the two statute are not irreconilable, because, dispite
the dfendants assertions to the contrary, defendant wishes to confuse
the court concerning plaintiff actual complaint. Further, defendant
failed to go into the depth of 5 USC 551, which speaks about
Administratives Judges, and other Administrative matter. Even further,
section 552a has a seperate meaning for "agencies" that refers one
to the language of 552a(e) or 552a(f), not 551 of this title.

Plaintiff again direct this Honorable Court attention to 5 USC
552a definition which specifically states "for purpose of this section
552(e) of this title, plaintiff direct the Court attention to
Gonzalez v. Leonard, Conn.Comm,(1980)497 F.Supp,1058. Where suit was
brought against Federal and State officials alledgely responsible
for disseminating to law enforcement agencies a telex message that
erroneously accused plaintiff of devising a plan to kill police
officers, the Immigration and Naturalization Service whose erroreous
intelligence report precipitated. The entire scenario, might be

-4-

proper party defendant in a case under this section arising out
of its handling of records pertaining to plaintiff.so for District
to state that title 5 U.S.C. 552a does not apply  to district or
state agency is not true ,one must consider the circumstances sur-
rounding each case presented,furthermore the generality of this def-
inition has required the commentators that have dealt with it to att-
empt an elaboration along more functional line than the phrase each
autority conveys, but as is recent cases have made it clear that
general definition can be of only limited utility to a court con-
fronted with one of the myraid or ganizational arrangement for getting
the business of government done.see.Grummon Engineer Corp vs.Renegtiat-
ion Board 157 app.D.C. 121, the unavoidable fact is each new arrangement
**must be** examined anew in it own context.Plaintiff, further congress in-
tened that determination of agency status under the Privacy Act and
Freedom of information act depends largely on nature and extent of
entity relationship with federal government involvement and control the
more likely that entity would be consider covered agency.See Dong vs.
Smithsonian Institution 878 f supp.244.Department of corrections,court
services were agencies who benifit from federal funding during Mayor
Barry rein in the 1980 s' and 1990s' of District of columbia,due to
mismanagement of distrit funds and not managing city agancies properly,
over spending,which spilled over to prisons (lorton) complex which in-
fluence transfers of inmates out of district system into federal prisons.
Where plaintiff spent 18 years of his current sentence.These institutions
had a myraid of civil service workers working as corrctional officers
who were involved with daily opperation and duties of agencies.Federal
government has long been involed with the daily opperation of the city
District of Columbia,even before Revitalization act and Reorganization.

District of Columbia agencies as the prison system and Court services has in fact been subject to federal control, contrary to District argument, District is proper defendant in this Privacy complaint.

Plaintiff, direct this Honorable court attention to matter of plaintiff presentence report, which plaintiff believe is one of the esential component in this complaint that allow this court to have jurisdiction and District of Columbia to be sanctioned. A presentence report is central to the primary function of the Parole Commission and from this perspective is an agency record for purpose of privacy act and freedom of information, even though it is prepared by probation service of United States or District Court Services. District of Columbia agency Court Services at the time of plaintiff arrest prepared plaintiff P.S.R., District in fact prepare P.S.R. which contained a mayraid of misleading information. See Carson v. United States, Dept.of Justice,631 F.2d 1008.

Plaintiff also believe he has met the standard to accertain he is entitle to relief in accordance with 5 USC 552a(g)(4)(a). Plaintiff still contend he can prove"actual damages" and that the District agencys' ignored plaintiff request to note inconsistencies or correct them. Plaintiff also can prove he has been adversely effected by these erroneous records and files. The crucial question for this Honorable Court now is to determine "How much damages has been done" to plaintiff base on the false and misleading information provided to the Parole Board? The operation of the Parole Board do not correct or remove false information unless the record is

-6-

is clear that such information provided is false. Plaintiff hold
that the constitutional provisions designed to protect individuals
liberty from oppressive procedural tactics by governments should
be liberally prohibit in order to prevent their (government) errosion
and obliteration by guessing as to what the status should be, and
not what the status really is. In this praticality by defendant[s]
in this instant case not only being repudiated, and worse still,
by using the slight deviation from the legal modes of this procedure
under 5 USC 552a and insert section 551 and 552, is policing the
fairness and integrity of this Honorable Court, to the understanding
of (A.P.A. standards under 551 of title 5). Plaintiff also contends
that the District has conceded in stating that the Parole Commission
authority over District of Columbia prisoners will take effect in
August of 2008. So my understanding of this statement is that the
District remain responsable for the action of these agencies in
plaintiff's complaint, and acts against District of Columbia prisoners.

### CONCLUSION

Plaintiff believe he has presented a case where relief can in
fact be granted, also plaintiff believe in a typical Privacy Act
complaint. It is feasibly necessary and proper for the agency and
in turn the District Court to determine whether each filed items
of information is accurate and furthermore, when the facts at issue
are clearly provable, the District Court must conduct a de novo review
of evidence to determine if the information is in the nature of a
subjective opinion or otherwise incapable ot being verified. This
Honorable Court don't need to make credibility determinations, but
rather should ensure that the District agencies acted fairly and
where appropriate cause   plaintiff files to reflect dispute.

-7-

See <u>Sellers v. Bureau of Prisons</u>, F.2d 307 (DC Cir.1992).

Plaintiff do believe there is a Privacy Act violation here and plaintiff's rights under this statute has gravely been violated, and for justice to prevail, plaintiff moves this Honorable Court to allow plaintiff's complaint to proceeds on its merits.

Plaintiff again remind the Court that plaintiff is filing this complaint pro Se pursuant to <u>Haines v. Kerner, 404 US 519(1997)</u>, standards, and informa pauperis, so plaintiff is not an attorney and do not know as much law as the District lawyer, But plaintiff do know that his rights are being violated by the information that was prepared by the "District".

WHEREFORE, Plaintiff pray this Court will grant him a day in Court to present the facts.

RESPECTFULLY SUBMITTED

/s/ Derwin W Powers

Derwin W. Powers, PRO SE
FCI Medium A-North
P.O.Box 90043
Petersburg, Va.23804

## CERTIFICATE OF SERVICE

I HEREBY certify under penalty of perjury that above statement are true to best of my knowledge, and furthermore I sent copies of the foregoing motion "Plaintiff's Opposition to Defendant's New Motion to Dismiss, and supporting Points and Authorites by way of Certified Mail to:

Eric J. Janson
Special Assistant United States Attorney
U.S. Attorney's Office
555 Fourth Street, NW
Washington, DC 2001

&

James H. Vricos
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 2001
On this 19th day of Sept. 2006                    /s/ Derwin W Powers
                                                   Derwin W. Powers