## UNITED STATES PAROLE COMMISSION

## CERTIFICATE

I, Helen H. Krapels, Attorney for the United States Parole Commission, with offices at 5550 Friendship Boulevard, Chevy Chase, Maryland 20815, hereby certify that the attached exhibits are true copies of documents found in the U.S. Parole Commission's file pertaining to inmate Powers, Wayne, Federal Register Number 09309-007.

IN WITNESS WHEREOF, I have signed this 24th day of May, 2006, and affixed the seal of the U.S. Parole Commission.



HELEN H. KRAPELS
Attorney,
U.S. Parole Commission

```
PEMC2   540*23  *      SENTENCE MONITORING        *    11-05-2004
PAGE 001         *      COMPUTATION DATA           *    11:48:04
                        AS OF 11-05-2004

REGNO..: 09309-007  NAME: POWERS, WAYNE

FBI NO............: 4052K1           DATE OF BIRTH: 02-25-1957
ARS1..............: PEM/A-DES
UNIT..............: A                QUARTERS.....: A04-976U
DETAINERS.........: YES              NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 01-12-2037

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  07-12-2037 VIA MAND PAR

------------------------CURRENT JUDGMENT/WARRANT NO: 010 ------------------

COURT OF JURISDICTION............: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER....................: F3407-89B-D
JUDGE............................: SHUKER
DATE SENTENCED/PROBATION IMPOSED: 08-17-1989
DATE WARRANT ISSUED..............: N/A
DATE WARRANT EXECUTED............: N/A
DATE COMMITTED...................: 05-01-2001
HOW COMMITTED....................: DC SUPERIOR COURT COMT
PROBATION IMPOSED................: NO
SPECIAL PAROLE TERM..............:

                  FELONY ASSESS   MISDMNR ASSESS   FINES      COSTS
NON-COMMITTED.:   $00.00          $00.00           $00.00     $600.00

RESTITUTION...:  PROPERTY: NO   SERVICES:  NO       AMOUNT:  $00.00

------------------------CURRENT OBLIGATION NO: 010 ------------------------
OFFENSE CODE....:   644
OFF/CHG: DC CODE; ARMED ROBBERY (COUNT B & C), ASSAULT WITH INTENT TO
         ROB WHILE ARMED (COUNT D).

 SENTENCE PROCEDURE..............: DC GTCA ADULT SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    72 YEARS
 MINIMUM TERM....................:    24 YEARS
 DATE OF OFFENSE.................: 03-26-1989




G0002        MORE PAGES TO FOLLOW . . .
```

EXHIBIT A

```
PEMC2    540*23  *              SENTENCE MONITORING         *    11-05-2004
PAGE 002         *              COMPUTATION DATA            *    11:48:04
                                 AS OF 11-05-2004

REGNO..: 09309-007 NAME: POWERS, WAYNE


------------------------CURRENT COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 10-24-2003 AT PEM AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 08-17-1989
TOTAL TERM IN EFFECT............:      72 YEARS
TOTAL TERM IN EFFECT CONVERTED..:      72 YEARS
EARLIEST DATE OF OFFENSE........: 03-26-1989

TOTAL JAIL CREDIT TIME..........: 0
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 10
TOTAL SGT POSSIBLE..............: 8640
PAROLE ELIGIBILITY..............: 07-26-2005
STATUTORY RELEASE DATE..........: 12-20-2037
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
EXPIRATION FULL TERM DATE.......: 08-16-2061

NEXT PAROLE HEARING DATE........: 01-00-2005
TYPE OF HEARING.................: INITIAL

PROJECTED SATISFACTION DATE.....: 07-12-2037
PROJECTED SATISFACTION METHOD...: MAND PAR




G0002         MORE PAGES TO FOLLOW . . .
```

Handwritten annotations near totals: "120 / 60 / 5 / 185 as of 1-16-05"; next to parole eligibility: "= 191"

```
PEMC2   540*23 *              SENTENCE MONITORING          *    11-05-2004
PAGE 003 OF 003 *              COMPUTATION DATA             *    11:48:04
                              AS OF 11-05-2004
```

REGNO..: 09309-007  NAME: POWERS, WAYNE

------------------------------- CURRENT DETAINERS: -------------------------------

DETAINER NO..: 001
DATE LODGED..: 01-08-2002
JURISDICTION.: STATE OF DISTRICT OF COLUMBIA
AUTHORITY....: PRINCE GEORGE COUNTY SHERIFF
CHARGES......: ROBBERY WITH DANGEROUS WEAPON
SENTENCE.....: 20 YEARS


G0000      TRANSACTION SUCCESSFULLY COMPLETED

U.S. Department of Justice
United States Parole Commission

Notice of Hearing-Parole Application
Representative and Disclosure Request

Date: November 5, 2004

Name: Wayne Powers

Register No.: 09309-007 / DCDC# 238535    Institution: FCC PETERSBURG-MEDIUM, VIRGINIA

INSTRUCTIONS: This form is to be furnished to and completed by every inmate prior to every scheduled hearing before the Parole Commission. It must be furnished at least 60 days in advance of the scheduled hearings unless such 60 day notice is waived by the inmate (see "1" below).

1. NOTICE OF HEARING: Provided you have applied for parole in the space below, you will be given a hearing by officials of the U.S. Parole Commission on the docket of parole hearings scheduled for January to ___, 10 2005

IF THERE ARE LESS THAN 60 DAYS BETWEEN THE DATE OF THIS NOTICE AND YOUR HEARING, YOUR HEARING WILL BE POSTPONED UNTIL THE NEXT DOCKET OF PAROLE HEARINGS AT YOUR INSTITUTION *UNLESS* YOU INITIAL THE FOLLOWING WAIVER:

_____ I received this form less than 60 days from the date of my hearing. However, I hereby waive my right to 60 days
(Initials)      advance notice of the hearing time and notice of my disclosure rights, and I request to be heard as scheduled.

2. APPLICATION: I hereby apply for parole, or have previously applied and still wish to be paroled:

_Wayne Powers_         11-5-04
(Signature)              (Date)

3. WAIVER OF PAROLE/PAROLE HEARING:

_____ A. I wish to waive parole consideration at this time.
(Initials)

_____ B. I wish to waive my scheduled Statutory Interim Hearing and have not incurred any Institutional Disciplinary
(Initials)     Committee infractions since my last hearing.

_____ C. I wish to waive the parole effective date or presumptive parole date previously determined by the Commission. (NOTE:
(Initials)     *A previously waived parole date will be reinstated upon reapplication, provided no new adverse information exists in your case.*)

_____ D. I wish to waive mandatory parole.
(Initials)

NOTE:  1) If you waive parole or a parole hearing, any subsequent application or reapplication must be submitted at least 60 days prior to the first day of the month in which hearings are conducted at the institution where you are then confined.

2) Revocation hearings cannot be waived. Hearings under 28 CFR 2.28 (b-f) and rescission hearings can only be waived by waiver of the parole effective date or presumptive parole date previously determined by the Commission.

4. REPRESENTATIVE: At your hearing you may have a representative of your choice (*e.g. family member, friend, staff member, or attorney*), who will be permitted to make a statement on your behalf at the close of the hearing. The name of any representative willing and able to appear should be written in below. Arrangements for the appearance of a representative must be made through your case manager.
Name of Representative: _____

IF YOU DO NOT WISH A REPRESENTATIVE, INITIAL THE FOLLOWING WAIVER:
_WP_  I do not wish a representative at my hearing.
(Initials)

EXHIBIT
B

Inmate Copy                                    PAROLE FORM I-24
                                               OCT. 85

5. **DISCLOSURE OF FILE INFORMATION:** You may review the reports and documents in your file which will be considered by the Commission, if you submit a request for disclosure on this form at least 30 days in advance of your hearing. [NOTE: Certain material which the Commission will consider may be exempt by law from disclosure. In such event, a summary of the material withheld from you will be furnished if you request to review your file.]

_K wf_ I wish to inspect the disclosable material in my institutional file.
(Initials)

_____ I wish to inspect any documents concerning me which the Parole Commission may have in its Regional Office. I
(Initials)    understand that in most cases, the Commission will have no material, until after an initial hearing has been held. [If you request disclosure of Regional Office documents you must do so on this form at least 30 days in advance of the hearing.]

NOTE:    At review hearings, the Commission will consider only information about factors which have changed, or which may have changed, since your last parole hearing.

IF YOU DO NOT WISH TO REQUEST ANY DISCLOSURE, INITIAL THE FOLLOWING WAIVER:

_____ I do not wish to inspect my files before the hearing scheduled on this form.
(Initials)

IF YOU HAVE INSPECTED FILE MATERIAL, INITIAL BELOW.

_wf_ I have reviewed the materials in my institutional file on ___November 5, 2004___, _w_____.
(Initials)

_____ I have reviewed the Parole Commission file material on _____, 19_____.
(Initials)

IF YOU HAVE NOT YET RECEIVED DISCLOSURE OF THE FILE MATERIALS YOU REQUESTED OR IF THERE ARE LESS THAN 30 DAYS BETWEEN EITHER OF THE ABOVE DATES AND YOUR HEARING, YOUR HEARING WILL BE POSTPONED UNTIL THE NEXT DOCKET OF PAROLE HEARINGS AT YOUR INSTITUTION UNLESS YOU INITIAL THE FOLLOWING WAIVER:

_____ I did not receive 30 days prehearing disclosure of the material I requested from my files. However, I hereby waive my
(Initials)    right to disclosure 30 days in advance of the hearing, and I request to be heard as scheduled.

## D.C. Initial Prehearing Assessment
Presumptive Date Format

**Offense of Conviction: Armed** Robbery (2 counts), Assault with the Intent to Rob While Armed (F3407-89 B, C, D)

| | | | |
|---|---|---|---|
| Name………………………..: | Powers, Wayne | Parole Eligibility Date…..: | 07/26/2005 |
| Reg. No…………………..: | 09309-007 | Months Served at | |
| DCDC Number…………..: | 238-535 | Eligibility………………..: | 191 |
| PDID Number…………..: | 414-328 | Short Term Date…………: | 07/12/2037 |
| Birthdate…………………: | 02/25/1957 | Months at MR……………: | 575 |
| Examiner…………………: | Wynn Jacqueline R. | Full Term Date………….: | 08/16/2061 |
| Institution……………….: | Petersburg FCI – Medium | Jail Credit……………….: | 0 |
| Pre-Hearing Date………..: | 01/12/2005 | In-Operative Time………: | 0 |
| Sentence Length…………: | 72 years 0 months 0 days | Fines/Restitution/………: | $600 |
| Sentence Type…………..: | Adult | | |

Detainer: lodged by the Prince Georges County, MD Sheriff's Office on 1-8-02, for Robbery w/a Dangerous Weapon, (20 years concurrent)

**Additional Text:** The subject was on parole in Glen Burnie, MD for Public Disorderly, 2 counts of Assault and 2 counts of Armed Robbery. He was paroled on 3-16-87, and committed in base offense on 3-26-89.

**Current Offense and/or Previous Parole Action:** On 3-26-89, a cab driver reported to the police that he was flagged down by a man and woman. The female got in the back seat that the subject got in the front seat. The female asked to be taken to one location and the subject indicated that he was going to a location just beyond where the female passenger was going. The driver dropped the female fare off and asked the subject where he was going. The subject began directing the driver to his destination, indicating that he did not know the exact address. Along the way, the subject produced a knife, announced the robbery, ordered the driver to stop the car and demanded his money. The driver grabbed the subject's hand, loss control of the cab and hit a parked car. During the struggle, the subject hit the victim in the face, bit him, and cut him on the hand and arm. The cab driver grabbed a gun and the two struggled over the gun. The gun went off, wounding the subject. Members of the Metropolitan Police Department responded to the scene and arrested the subject.

The subject was convicted by plea in D.C. Superior Court of robbery and assault and sentenced to an aggregate 24-72 year term.

Subsequent Offense(s):   None

**Codefendants:** None

**EXHIBIT**
**C**

**SALIENT FACTOR SCORE   (SFS-98)**

| Date | Offense | Disposition of 6 most significant prior convictions: |
|---|---|---|
| 04/06/1972 | Housebreaking 1-1 | 5 years confinement |
| 11/05/1975 | Breaking and Entering 2-2 | 52 days |
| 03/22/1976 | Armed Robbery 3-3 | 5 years |
| 08/31/1976 | Armed Robbery (2 counts) 4-3 | 15 years concurrent |
| 08/04/1984 | Assault 5-4 | 1 year concurrent |
| 11/15/1984 | Assault 6-4 | 1 year concurrent |

SFS Item A = 0    Subject has 6 prior convictions/adjudication.

SFS Item B = 0    Subject has 4 prior commitments of more than 30 days that were imposed prior to the last overt act of the current offense.

SFS Item C = 2    Subject was 32 years old at the commencement of the current offense and had 4 prior commitments.

SFS Item D = 0    03/26/1989 - Date of Current Offense.
03/16/1987 - Release to the Community from last commitment

SFS Item E = 0    Subject is a parole status violator.

SFS Item F = 0    Sum of Items A-E = 2 and the offender was 32 years old at the commencement of the current offense.

**Salient Factor Score = 2**

---

**D.C. Code Point Assignments**

Category I Points:    3    SFS is 2.    { SFS... 10-8 = 0; 7-6 = 1; 5-4 = 2; 3-0 = 3}

Category II Points:    4    Subject committed acts of violence in the current offense and felony violence in TWO OR MORE prior offense.

Category III Points:    1    Current offense involved high level of violence other than homicide or attempted murder.

**Base Point Score =** 8    Sum of Categories I, II and III

Base Guidelines    72 - 96
(range in months):

**Negative Institutional Behavior:**    None

Powers, Wayne 09309-007                                                                                     Page 2 of 3

Administrative Rescission Infractions

| Number of Occurrences | Type | Guidelines (range in months): |
|---|---|---|

Total Administrative GL:   0 - 0

Criminal Rescission Behavior

| Number of Occurrences | Severity | Location | Guidelines (months) | SFS |
|---|---|---|---|---|

Total New Criminal GL:   0 - 0

**Program Achievement:** According to the progress report dated 11-5-04, the subject is unassigned due to his recent return to FCC Petersburg. The subject obtained his GED and completed several other eductional and vocational programs. He also completed the CODE and Residential Drug Treatment Program.

Prisoner has demonstrated Superior Program Achievement for 0 months

**Guidelines (range in months):**

| | | |
|---|---|---|
| Months to Serve to PE Date ………: | 191 - | 191 |
| Base Guidelines………………….: | 72 - | 96 |
| Negative Behavior Guidelines……: | 0 - | 0 |
| (Sum of Administrative & Criminal) | | |
| Superior Program Achievement GL.: | 0 - | 0 |
| Total Guidelines………………….: | 263 - | 287 |

**Risk:** No aggravating or mitigating risk factors are noted

**Prehearing Evaluation and Summary:**
The subject has a total guideline range of 263-287 months. To date he has been in custody 185 months.

It would appear that the subject may have earned SPA consideration based his excellent program participation and completion. He earned his GED and completed the CODE and Residential Drug Treatment Program. The progress report does not indicate the amount of time the subject was involved in each of the program therefore, the months of creditable program achievement cannot be calculated.

The subject is considered to be a poorer risk than indicated by his scores because of his repeated violation of the law and failures under community supervision. He has 6 convictions and 4 commitments. Additionally, he was on Maryland parole when the instant offense occurred.

## HEARING SUMMARY

**Name:** Powers, Wayne                               **Reg No:** 09309-007

### Hearing Parameters

Hearing Type ..............................: **DC Initial**
Hearing Date ..............................: 1/26/05
Examiner .....................................: Rob Haworth
Institution ....................................: Petersburg FCI-Med

### Sentence Parameters

Sentence Type ............................: **DC Parole Eligible**
MR/Statutory Release ..................: 12/20/37
Full Term Date ............................: 8/16/61
Months in Custody ......................: 185 as of 1/16/05
Fines/Restitution/Assessment .......: $600
Detainer .......................................: Yes *

**Additional text regarding the above parameters:** * State of MD, 20-year commitment.

---

### Prior Action & Institutional Factors

**Prior Action:** None

**Codefendants:** None

**Representative & Representative's Statement:** None

**Prisoner's Statement:** Subject admitted his involvement in the 3/26/89 Attempted Robbery of a Cab Driver. He stated he did pull a knife on the cab driver but he denies that the cab driver was cut. He stated that as soon as he pulled the knife the cab driver pulled a gun. He dropped the knife and they struggled over the gun. He admits that he hit the cab driver in the forehead with his fist and then the cab driver shot him 3 times. Subject stated that his attorney later obtained some medical records from the cab driver's visit to the hospital, which showed he was not cut on the hand and arm as indicated in the PSI.

Subject also admitted to the Robbery that occurred 9/7/88 (see page 4 of the PSI). This offense behavior was left out of the PHA. On 9/7/88, subject asked another individual for money and when the individual removed his wallet, subject snatched the wallet, pushed the victim down and ran. Police later spotted him and thought that he met the description of a burglary suspect and chased him. When police caught up with him, subject assaulted a police officer by hitting him in the face. After he was arrested, they learned of the Robbery By Snatch. This offense is the Assault With Intent to Rob While Armed count in the current convictions.

**EXHIBIT D**

Subject stated that he has learned a lot from over 15 years in prison. He got an extremely long sentence on this case with a minimum term that requires him to serve 191 months. He has taken numerous self-improvement courses (details will be provided later in this report) and he is a changed person, according to him.

**Discipline:** The Progress Report dated 11/5/04 shows that subject has kept clear conduct since being in Federal custody. During the hearing, the subject admitted that he was found guilty of being involved in 2 separate fights at the Lorton Facility. One was in 1989 and the other was in 1990. He stated that he was found guilty by a Disciplinary Committee of both fights and that he served brief periods in disciplinary segregation. Based on his admission, 0-4 months were added to the guidelines for Disciplinary Reports.

**Program Achievement:** This prisoner has been involved in some significant programs during his 15 years of prison time. His most noticeable accomplishment is his Associates Degree from the University of the District of Columbia (UDC). He was awarded that degree in 1997 and the record shows that it took him approximately 3 years to complete the degree. He also completed a Training Course in Street Law that was offered by the Georgetown University Law School. He took Auto Mechanics at Lorton for about 9 months but the program was dissolved and he was never able to complete it.

The current Progress Report shows that subject completed the C.O.D.E. Program on 12/12/02. He also completed a Residential Drug Treatment Program 8/27/04.

Page 2 of the Progress Report shows a list of programs he has completed that include a number of Fitness and Exercise Classes as well as Parenting, Arabic Language and 3 Drug Courses.

It is difficult to obtain an accurate assessment of the length of time this prisoner programmed at a superior level. A conservative estimate would be 4 years. It took him 3 years to complete the Associates Degree at the University of the District of Columbia. The numerous other courses mentioned above would have taken at least an additional year. This Examiner is recommending a 16-month credit for SPA.

**Superior Program Achievement Award Recommendation:** This recommendation includes a 1-month credit for Superior Program Achievement; specifically, you received an Associates Degree from the University of the District of Columbia, you completed the C.O.D.E. Program, Residential Drug Treatment, Parenting, 3 additional Drug Programs and you have consistently received good work reports.

**Release Plans:** The prisoner plans to live at the home of his sister in Columbia, MD. He can find employment.

<u>Guideline Parameters, Evaluation & Recommendation</u>

**Salient Factor Score:** 2
**Base Point Score:** 7

**Modifications From Prehearing:** The PHA shows 1-point was added in Category 3 for high-level violence. The details of the criminal behavior do not support adding a point for high-level violence. The base point score was changed to 7, which changes the base guidelines to 54-72 months.

Base Point Score Guideline Range: ...................................54-72
Months to Parole Eligibility Date: ........................................191
Disciplinary Guideline SINCE Last Hearing:......................0-4

**Powers, Wayne, Reg. No. 09309-007**   Page 2 of 3

Superior Program Achievement SINCE Last Hearing: ........16
Total Guideline Range: .................................................229-251

**Evaluation:** This prisoner has served approximately 185 months. That is 44 months from the bottom of the guidelines. There is no reason to go outside the guidelines. It is recommended that parole be denied and that the prisoner be set for a Rehearing in 36 months.

**Recommendation:** Continue for a Reconsideration Hearing in January 2008.

**Conditions:** No

**Statutory Interim Hearing:** No

**Guideline Use:** A departure from the guidelines at this consideration is not warranted.

**Additional Text:** During the hearing, the prisoner admitted to being involved in 2 fights at the Lorton Facility that resulted in findings of guilty by the Disciplinary Committee. He also admitted to a drug offense but was not certain as to whether or not he received a written report. Initially, guidelines were not added for the drug offense. However, subsequent to the completion of the hearing, a search of the DC DOC file did reveal a report dated 10/16/96, which showed that subject was found guilty of Being in Possession of Small Amount (1 Dose) of Heroin. The guidelines were then adjusted to 229-259.

**Executive Reviewer's Comments:**

JRH/SDS
January 27, 2005

Powers, Wayne, Reg. No. 09309-007                                    Page 3 of 3

Reg# 09309-007



Office of The General Counsel
U.S. Parole Commission
5550 Friendship Blvd.
Chevy Chase, Maryland
               20815

c/o Commissioner

RE: Parole Hearing 1-26-05 Before Examiner
    <u>MR. MOWART AT FCI-MEDIUM PETERSBURG</u>

Sir/Madam;

In regards to tainted and faulty information use at my Parole Hearing that prejudice the Outcome. I feel that its Extremely Pertinent to Enlighten your office to this discrepancy. This Error once clarified through the Records could be a factor in determining my Final Outcome. At this time, I would like to direct your attention to (P.S.I.) pg#3. In this particular Robbery, it is stated

> "Suspect hit Mr. Jones in the face leaving a
> cut over the Right Eye"

Documentation entails that this injury was substain through a Head Butt. "In furtherance, its stipulated that Mr. Jones was cut on the hand and arm. Should the Report be interupted, you will realize that these injuries were substained when the Suspect bit the Victim. All of these injuries stemmed from a fight! It is noted, that my Attorney contested the Information before the Court and that it was acknowledged by the Court that outside of the gun that I was shot with by Mr. Jones. This knife in question, remained on the Ground out of reach during the struggle as Mr. Jones pulled out his gun and shot me twice. Fighting for my life, I actually lunged at Mr. Jones with my Head, butting him in an



EXHIBIT
E

attempt to subdue him. police Reports and the Court record will reinforce the Validity of my statement.

Also, I would like to direct your attention to Court Transcripts dated August 17, 1989, Pg#6, Lines 1-8, 21-25. The reading of this Transcript will confirm all of the above. It is not my intention to Undermine a Thing, I am just keeping factual.

Another issue that I would like to address before concluding. As the records should reflect, I am a D.C. Prisoner who falls under the Old 2/3 Law before the Omni Bus act, yet I am being held accountable under these New Parole Guidelines. In the past (15) Fifteen Years of Incarcerated, I have acquired (2) two Infractions. I've earned my College Degree and have completed Two(2) Long Term Intensive Treatment Drug Programs. Over the Years, I've Programmed, keeping A Optimistic Attitude that by Rehabilitating myself and taking advantage of Opportunities that others have Shunned, that the Ultimate Rewards for A Positive Agenda, would someday be another chance to reflect my Value and Worth in Society. Without a Break in Custody and have Complied with Every Goal created by Myself or Given to, thou I believe Mr. Mowart was very helpful. I believe His Final Decision revolves strictly around Punishment and Punishment Only. With this revelation in mind, I am now Asking You to Re-evaluate my case before it becomes Final.

Yours Respectfully,

Attin:  See Attached Documentation

```
 1              SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
 2                           CRIMINAL DIVISION
 3       - - - - - - - - - - - - - - -x
 4       UNITED STATES OF AMERICA      :
 5                   v.                :
 6       WAYNE POWERS,                 :
                                       :   Criminal Action No. F-10755-88
 7                   Defendant.        :   Criminal Action No. F-3407-89
                                       :
 8       - - - - - - - - - - - - - - -x
 9
                                           Washington, D.C.
10                                         August 17, 1989
11            The above-entitled action came on for a sentencing
         before the Honorable ROBERT SHUKER, Associate Judge, in Court-
12       room Number 211, commencing at approximately 9:30 a.m.
13            THIS TRANSCRIPT REPRESENTS THE PRODUCT OF AN
              OFFICIAL REPORTER, ENGAGED BY THE COURT, WHO
14            HAS PERSONALLY CERTIFIED THAT IT REPRESENTS
              HER ORIGINAL NOTES AND RECORDS OF TESTIMONY
15            AND PROCEEDINGS OF THE CASE AS RECORDED.
16            APPEARANCES:
17            On behalf of the Government:
18            ELLEN BASS, Esq.
              Assistant United States Attorney
19
              On behalf of the Defendant:
20
              PAGE KENNEDY, Esq.
21            Public Defender Service
22
23
24
25       ROSE G. MOLLICHELLI
         OFFICIAL COURT REPORTER
```

1  of the victims in a case in which he did plead guilty, Mr.
2  Ellenwest (phonetic), Mr. Jones, and Mr. George Wadece.
3      I stated pretty much what I have to say in my
4  memorandum, Your Honor. I don't wish to belabor matters.
5  The main points I would like to make, Your Honor, is that
6  while this is a stiff plea, and it's a stiff plea because
7  these are very serious crimes and it's really a crime spree
8  that the Government believes would have gone on, had it
9  not been stopped by a victim taking matters into his own
10 hands and defending himself.
11     The Government gave up a great deal, as well.
12 And, we think that the defendant should not get a double
13 benefit from pleading guilty by the Court giving him a sub-
14 stantial break below what he has pled to.
15     Other than that, Your Honor, I just want to empha-
16 size the hurt, both emotional and physical, that the victims
17 suffered.
18     With respect to Mr. Jones, the man who defended
19 himself by shooting the defendant, the defense takes issue
20 with our assertion that he was stabbed in the forehead by
21 Mr. Powers, the defendant, prior to the struggle over the
22 gun. That is a fact and I would like to hand up to the
23 Court pictures of Mr. Jones -- after showing them to defense
24 counsel -- to show you, Your Honor, his injuries.
25     THE COURT: Thank you.

5

MS. BASS: And, after receiving the defendant's memorandum, I again interviewed Mr. Jones and he confirmed to me that those injuries were caused when the defendant initially lunged at him with the knife. At the time the defendant butted Mr. Jones in an attempt to get the gun, the defendant had already dropped his knife, so that injury was caused by defendant's action prior to Mr. Jones attempting to defend himself.

Your Honor, I particularly take issue with the portion of defendant's memorandum that suggests that since, in a sense, Islamic justice has been meted out here, because a victim defended himself, that somehow this is enough punishment. I take strong issue with that, Your Honor. I think it's up to the criminal justice system, this Court, to show what society's view of this kind of behavior is, and to impose a very substantial sentence, very substantial sentence, consecutive for these three crimes. Thank you, Your Honor.

THE COURT: All right, thank you.

Ms. Kennedy.

MS. KENNEDY: Your Honor, it's a minor point, but I do wish to point -- direct the Court's attention to Mr. Jones' letter in which he stated, I was treated at Greater Southeast Community Hospital for, among other things, a huge hematoma on my forehead, induced by a blow on Powers' head.




U.S. Department of Justice  
United States Parole Commission  
5550 Friendship Boulevard  
Chevy Chase, Maryland 20815-7201

Notice of Action

Name: POWERS, Wayne  
Register Number: 09309-007  
DCDC No: 238-535

Institution: Petersburg FCI-Med

Date: February 9, 2005

As a result of the hearing conducted on January 26, 2005, the following action was ordered:

Deny parole. Continue to a Three-Year Reconsideration Hearing in January 2008.

**REASONS:**

Your Total Guideline Range is 229-259 month(s). See the attached sheet for the components that make up your Total Guideline Range. These components are your Salient Factor Score; Base Point Score; Base Point Score Guideline Range; Months Required to Serve to Parole Eligibility Date; Disciplinary Guidelines (if applicable); and Superior Program Achievement Award (if applicable).

You have been in confinement as a result of your current offense behavior for a total of 185 months as of January 16, 2005.

After consideration of all factors and information presented, a decision outside the Total Guideline Range at this consideration is not found warranted.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:   CSS Data Management Group  
      D.C. Court Services & Offender Supervision Agency  
      300 Indiana Avenue, N.W., Suite 2070  
      Washington, D.C. 20001

**EXHIBIT F**

## SALIENT FACTOR SCORE (SFS-98)

**Your Pts**  **Salient Factor Score (SFS-98) Item Explanations**

0     A - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0

0     B - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0

2     C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation)

0     D - Recent commitment free period (three years)
No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0

0     E - Probation/parole/confinement/escape status violator this time
Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0

0     F - Older offenders
If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0

2     **Salient Factor Score (SFS-98) (sum of points for A-F above)**

### BASE POINT SCORE

**Your Pts**  **Base Point Score Category Explanations**

3     I - Contribution from Salient Factor Score
10-8 (Very Good Risk) = +0; 7-6 (Good Risk) = +1; 5-4 (Fair Risk) = +2; 3-0 (Poor Risk) = +3

4     II - Current or Prior Violence
Violence in current offense and any felony violence in two or more prior offenses = +4; Violence in current offense and any felony violence in one prior offense = +3; Violence in current offense = +2; No violence in current offense and any felony violence in two or more prior offenses = +2; Possession of firearm in current offense if current offense is not scored as a crime of violence = +2; No violence in current offense and any felony violence in one prior offense = +1

0     III - Death of Victim or High Level Violence (Category III points are added to points scored in Categories I and II)
Current offense was high level or other violence with death of victim resulting = +3; Current offense involved attempted murder or violence in which death of a victim would have been a probable result = +2; Current offense was other high level violence = +1

7     **Base Point Score (sum I-III above)**

## DISCIPLINARY GUIDELINES

You have 2 non-drug related infraction(s) [0-2 months each], which requires 0-4 months to be added to your base point score guideline range.

You have 1 drug related infraction(s) [0-8 months each], which requires 0-8 months to be added to your base point score guideline range.

You have an aggregate disciplinary guideline range of 0-12 months, which is to be added to your base point score guideline range.

## SUPERIOR PROGRAM ACHIEVEMENT AWARD

You have been granted a reduction of 16 month(s) from your Total Guideline Range for superior program achievement; specifically, you received an Associates Degree from the University of the District of Columbia, you completed the C.O.D.E. Program, Residential Drug Treatment, Parenting, 3 additional Drug Programs and you have consistently received good work reports.

## TOTAL GUIDELINE RANGE

| | |
|---|---|
| 54 — 72 | Base Point Score Guideline Range |
| 191 — 191 | Months Required to Serve to Parole Eligibility Date |
| 0 — 12 | Disciplinary Guideline Range |
| less 16 — 16 | Superior Program Achievement Award (if applicable) |
| 229 — 259 | Total Guideline Range |

| Base Point Score Guideline Range | | Points For SF Item C | | | |
|---|---|---|---|---|---|
| Base Point Score | Guideline Range | Age | Prior Commitments | | |
| | | | 0-3 | 4 | 5+ |
| 3 or less | 0 months | 26 & Up | 3 | 2 | 1 |
| 4 | 12-18 months | | | | |
| 5 | 18-24 months | 22-25 | 2 | 1 | 0 |
| 6 | 36-48 months | | | | |
| 7 | 54-72 months | 20-21 | 1 | 0 | 0 |
| 8 | 72-96 months | | | | |
| 9 | 110-140 months | 0-19 | 0 | 0 | 0 |
| 10 | 136-172 months | | | | |