UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                        )
DERWIN POWERS,                              )
                                                        )
        Plaintiff,                            )
   v.                                                 )  Civil Action No. 06-0665 (PLF)
                                                        )
MAYOR ANTHONY WILLIAMS, *et al.*,   )
                                                        )
        Defendants.                        )
                                                        )
_____)

MEMORANDUM OPINION

        This matter is before the Court on defendants' motions to dismiss and plaintiff's motions to amend his complaint. Having considered the motions and oppositions, the Court will dismiss this action.

I.  BACKGROUND

        Plaintiff is a District of Columbia Code offender who currently is in the custody of the Federal Bureau of Prisons ("BOP"). He brings this action under the Privacy Act, *see* 5 U.S.C. § 552a, against Anthony Williams, Mayor of the District of Columbia, and Edward F. Reilly, Chair of the United States Parole Commission, to challenge "misleading information in institutional records." Notice of Removal of a Civil Action, Ex. 1 (Complaint).

        Plaintiff asserts that information in his presentence investigation report ("PSI") is "inaccurate, unreliable and vague." Amended Complaint ("Amd. Compl.") at 2 (page numbers

designated by Court).[1]  He alleges that the PSI erroneously reflects:

> Armed Robbery of Mr. Edward Jones that demonstrated violence of a higher level than actual incident; the matter of use of displinaries [sic] over three years old; use of parole guidelines that don't apply to Plaintiff, who is an "old law" D.C. Code offender, Housed in Federal Prison; and use of Robbery charge on P.S.I. that was dropped, that was not suppose[d] to be on P.S.I.

*Id.* at 2.  According to plaintiff, the Parole Commission fails to maintain its parole files with the requisite degree of accuracy, and that its reliance on the incorrect records led it to deny him parole.  *Id.* at 1-2.

Plaintiff holds the Mayor of the District of Columbia and the Department of Corrections "responsible for maintaining Plaintiff['s] over all files," and alleges that the Department included documents related to a separation order which "had a bearing on Plaintiff being denied transfers to Institutions, for rehabilitation, to be over 500 miles from family, to be punished for no realistic reason."  *Id.*

Plaintiff demands injunctive relief in the form of a correction of the records and money damages of $2 million.  Amd. Compl. at 3.

## II.  DISCUSSION

### A.  Defendants Williams and Reilly are Not Proper Defendants

The Privacy Act authorizes suits only against a federal agency to which the Act applies.  *See* 5 U.S.C. §§ 552 (f)(1), 552a(a)(1).  Individuals are not proper defendants.  *See*

---

[1] The Court will grant plaintiff's Request [for] Leave to Amend Complaint [Dkt. #15].  The Amended Complaint, attached as an exhibit to plaintiff's motion, supercedes the initial complaint filed in the Superior Court of the District of Columbia prior to the removal of this action.  *See* Notice of Removal of a Civil Action, Ex. 1 (Complaint).

*Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006) (per curiam) (affirming dismissal of individual defendants, as "no cause of action exists that would entitle appellant to relief from them under the Privacy Act"); *Armstrong v. Bureau of Prisons*, 976 F.Supp. 17, 23 (D.D.C. 1987), *aff'd*, 1998 WL 65543 (D.C. Cir. Jan. 30, 1988) (Privacy Act does not allow civil actions for damages against individuals). Accordingly, the Court will dismiss defendants Williams and Reilly as parties, and will treat the claims against them as if they were brought against the District of Columbia and the Parole Commission, respectively.

### B. The Privacy Act Does Not Apply to the District of Columbia

For purposes of the Privacy Act, the term "agency" includes "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency." 5 U.S.C. § 552(f)(1); *see* 5 U.S.C. § 552a(a)(1). The government of the District of Columbia expressly is excluded. *See* 5 U.S.C. § 551(1)(D).

The District of Columbia's motion to dismiss will be granted. The Privacy Act does not apply to the District of Columbia. *See Gale v. United States Dep't of Justice*, 628 F.2d 224, 232 (D.C. Cir. 1980) (MacKinnon, J. dissenting) (noting that neither Freedom of Information Act nor Privacy Act applies to District of Columbia); *Williams v. District of Columbia*, No. 95-0936 (RMU), 1996 WL 422328, *3 (D.D.C. July 19, 1996) (dismissing Privacy Act claims against District employee sued in her official capacity).

### C. Plaintiff Fails to State Privacy Act Claims Against the Parole Commission

#### 1. The PSI is Exempt from the Privacy Act's Amendment Provision

Generally, an individual may access an agency's records or information in a system of records pertaining to him, and may request amendment of records pertaining to him. *See* 5 U.S.C. § 552a(d). An individual may file a civil action against an agency which refuses to amend its records upon request or fails to maintain its records with the requisite level of accuracy and completeness. *See* 5 U.S.C. § 552a(g); *Sellers v. Bureau of Prisons*, 959 F.2d 307, 310 (D.C. Cir. 1992) (subsection (g) provides civil remedies for violations of subsection (e)(5)).[2]

Notwithstanding the relief available under the Privacy Act, an agency's Director may promulgate regulations to exempt any system of records within the agency from any part of the Privacy Act, *except* subsections (b), (c)(1) and (2), (e)(4)(A) through (F), (e)(6), (7), (9), (10), and (11), and (i), if the system of records is:

> maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of

---

[2] In relevant part, subsection (g) authorizes an individual to file a civil action whenever any agency:

> makes a determination . . . not to amend an individual's record in accordance with his request.

5 U.S.C. § 552a(g)(1)(A). In addition, subsection (g) allows a civil action whenever an agency:

> fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual.

5 U.S.C. § 552a(g)(1)(C).

> criminal laws, including . . . correctional, probation, pardon, or parole authorities, and which consists of . . . reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision.

5 U.S.C. § 552a(j)(2). Pursuant to this authority, the Parole Commission's Inmate and Supervision Files System (JUSTICE/PRC-003) is exempt from the amendment provision of the Privacy Act. *See* 28 U.S.C. § 16.85(a)(2), (b)(3); *White v. United States Probation Office*, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (barring claim for amendment of presentence report); *see also Risley v. Hawk*, 108 F.3d 1396, 1397 (D.C. Cir. 1997) (per curiam) (denying injunctive relief on the ground that regulations exempt BOP records from amendment provision of Privacy Act). Furthermore, presentence investigation reports, which originate from the courts, are not subject to amendment or correction. 28 C.F.R. § 16.46(f)(3).

### 2. Plaintiff Fails to Allege a Willful or Intentional Act

In a civil suit filed pursuant to subsection (g)(1)(C), if the Court determines that the agency's actions were willful or intentional, the Court may award actual damages sustained by the individual as a result of the agency's failure to maintain its records with the requisite level of accuracy, and further may award costs of the action and attorney fees. 5 U.S.C. § 552a(g)(4).

In order to recover monetary damages under the Privacy Act, "a plaintiff must assert that an agency failed to maintain accurate records, that it did so intentionally or willfully, and, consequently, that an 'adverse' 'determination [wa]s made' respecting the plaintiff." *Toolasprashad v. Bureau of Prisons*, 286 F.3d 576, 583 (D.C. Cir. 2002) (quoting 5 U.S.C. § 552a(g)(1)(C)). To meet his burden, plaintiff "must prove that the offending agency acted 'without grounds for believing [its actions] lawful' or that it 'flagrantly disregarded' the rights

guaranteed under the Privacy Act." *Laningham v. United States Navy*, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (quoting *Albright v. United States*, 732 F.2d 181, 189 (D.C. Cir. 1984)). This is a high standard, requiring a showing of "something greater than gross negligence" on the agency's part. *Tijerina v. Walters*, 821 F.2d 789, 799 (D.C. Cir. 1987).

Plaintiff's Amended Complaint is deficient in that it neither alleges nor demonstrates a willful act committed by any government agency in violation of his rights under the Privacy Act. *See Martinez v. Bureau of Prisons*, 444 F.3d at 624 (affirming dismissal of claim for damages absent showing of willfulness). Furthermore, the Parole Commission has no affirmative obligation to investigate information set forth in a presentence investigation report. *See Buxton v. United States Parole Comm'n*, 844 F.Supp. 643, 644 (D. Or. 1994). As long as the Parole Commission complies with its procedures for conducting a parole hearing, it complies with the fairness standard set forth in 5 U.S.C. § 552a(e)(5). *See id*; *Bayless v. United States Parole Comm'n*, No. 94-0686, 1996 WL 525325, *6 (D.D.C. Sept. 11, 1996).

*D.  Plaintiff's Motion to Add Additional Defendants Will Be Denied*

Plaintiff seeks to add as defendants the District of Columbia Department of Corrections and the Court Services and Offender Supervision Agency ("CSOSA"). *See* Motion to Add Additional Defendants at 1 (page numbers designated by Court). He alleges that the D.C. Department of Corrections "was responsible for maintaining Plaintiff[']s over all files," and that it placed a separation order in his records in error. Amd. Compl. at 3. Reliance on the separation order, he contends, "had a bearing on" his placement at particular institutions. *Id.*

The D.C. Department of Corrections is not an entity separate from the District of

Columbia, and therefore it is not a suable entity.  *See, e.g., Foggy Bottom Ass'n v. District of Columbia Office of Planning*, 441 F.Supp.2d 84, 88 (D.D.C. 2006) (dismissing Office of Planning, Zoning Commission, the Department of Health and the Department of Consumer and Regulatory Affairs because as D.C. government entities they are *non sui juris*); *McRae v. Olive*, 368 F.Supp.2d 91, 94 (D.D.C. 2005) (dismissing Metropolitan Police Department on same grounds).

Plaintiff holds CSOSA "responsible for Plaintiff['s] record being incorrect and misleading, causing Plaintiff to be placed in High Security Prisons, being treated more harsher, having adverse decision made against Plaintiff, being placed more than 500 files from FAMILY, being denied parole; having the greatest degree of violence on Male Custody Classification Form."  Amd. Compl. at 3.  He alleges that his efforts to have CSOSA correct erroneous information in the PSI went unanswered.  *Id.* at 1.

A PSI in the possession of CSOSA is exempt from the Privacy Act's amendment provisions.  28 C.F.R. § 802. 28(a)(1)(iii) (exempting Pre-Sentence Investigations (CSOSA-10) from 5 U.S.C. § 552a(d)); *Martin v. Court Serv. and Offender Supervision Agency*, No. 05-853, 2005 WL 3211536, *3 (D.D.C. Nov. 17, 2005).  Absent an allegation that CSOSA's actions were willful or intentional, plaintiff fails to state a Privacy Act claim for damages against CSOSA.  *See Martinez v. Bureau of Prisons*, 444 F.3d at 624.  The Court will deny plaintiff's motion on the ground that the proposed amendment is futile.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

III. CONCLUSION

For the reasons stated herein, the Court will grant defendants' motions to dismiss and will deny plaintiff's motion to amend as moot. An Order consistent with this Memorandum Opinion will be issued separately on this date.

/s/_____
PAUL L. FRIEDMAN
Date: November 17, 2006                    United States District Judge