Received
Mail Room
MAY 07 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DERWIN W. POWERS,                )
                                 )
United States Court of Appeals   )
District of Columbia Circuit     )
APPELLANTS                       )   Civil Action No.06-665(PLF)
                                 )
v.                               )
                                 )
                                 )
                                 )
MAYOR ANTHONY WILLIAMS, et al,   )
                                 )
         APPELLEE                )
                                 )
_____  )

RECEIVED
MAY 0 7 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

APPPEAL OF DISTRICT COURT DISMISSAL OF COMPLAINT

Copme now, Derwin W. Powers, appellant in this case, pro se, interposing Haines v. Kerner, standards for pro se litigants cited at 404 U.S. 519, 30 led.2d 652, 92 S.Ct. 549(1972).

MEMORANDUM OF POINTS AND AUTHORITIES

Appellants contends that Privacy Act complaint can prevail because U.S. Parole commission did not maintain Appellants records in accordance, with language set out in 5 U.S.C.§ 552a (e) (5) (d) (b) (i) (g) (4) (a) (1) (c) (d); and wilfully and intentionally disregarded Appellant efforts to have these inaccurate records and files, at leased noted in file records were challenged by appellant, so no adverse determination will not be....... decided against appellant due these records not being in order. Appellant further contends pursuant to 5 U.S.C.§ 552a (g) (1) (c) if court find.. that or determine the agency( U.S. Parole commission ) actions were willful or intentional, the court may award actual damages sustained by the appellant as a result of parole commissions failure to maintain its records with the requisite level of accuracy, and further may award attorney fees.

(1)

5 U.S.C.§ 552a (g) (4).

## FACTUAL BACKGROUND

On August 17,1989,the Superior Court for the District of Columbia sentenced Appellant to 72 years in prison for the offense of armed robbery,and assault with intent to rob while armed.

November 5, 2004 Appellant applied for parole.

On January 12,2005,a hearing was held by U.S. parole coomissioner examiner that was a pre-hearing appellant was not present at this hearing.

On january 26,2005 appellant was seen by parole examiner who denied appellant parole due to appellant guideline range as a result of information in appellant PSI.

On February 8,2005 the parole commission recieved a letter from appellant contesting PSI report inaccuracies.

On March 13, 2006,appellant file this Privacy Act complaint for the different inaccuacies in PSI.

On April 11, defendant Reilly moved to have complaint sent to district Court.

Finally,on November 17,2006,The Honable Paul L.Friedman dismiss the complaint with out prejudice.Appellant file motion for out of time appeal, due excusable neglect.Motion was granted on April 10,2007.

## ARGUMENT

### COMMISSION ACTIONS WERE WILFUL AND INTENTIONAL

The law states in actions for damages under privacy act appellant must prove that offending agency acted without grounds for believing its action lawful or that it flagrantly disregarded the rights guranteed under privacy

(2)

Act 552a (g)(4).Appellant argument is that on numerous occasions parole commission was put on notice that information provided in PSI was inaccurate;the matter of violence against victim Mr.Jones and the dismissed robbery charge.Appellant also contends during parole proceedings he... brought these inaccuracies to the attention of hearing examiner.See tape of hearing held on January 26,2005 appellant disputing information of alledge violence against Mr.Jones.Appellant immediately wrote a letter to parole board,who disregard letter,asking parole commission to take note to the inaccurate information;who again did nothing.

On November 17,2006,court dismissed appellant complaint without... prejudice,But appellant was not notified of this ruling until March of 2007.Appellant filed"Motion For Out Of Time Appeal Due To Excusable Neglect",immediately there after.Court granted motion.

### COMMISSION ACTIONS WERE WILFUL AND INTENTIONAL

The law states in action for damages under Privacy Act plaintiff , must prove that offending agency acted without grounds for believing its actions lawful or that it flagrantly disregarded rights guranteed under Privacy Act 5 USC§ 552a,552a (g)(4).

Appellants argument is that on numerous occassions parole commission was put on notice that information provided in PSI,was inaccurate;note, the matter of violence against the victim Mr.Jones;the matter of robbery charge that was dismissed.Appellant also contends during parole proceeding he broughtthese matters to the attention of hearing examiner.See exhibit marked audio tape.Appellant further wrote a letter to commission after parole hearing asking them to take note to the"BAD"information that was challenge at hearing(please view audio tape marked as exhibit from parole hearing held on January 26,2005,Wayne Powers).Also see exhibit...

(3)

marked Mr.jones ...victim in appellant instant offense,appellant sent a copy of document where Mr.Jones recanted his original statement that he was stabbed by and conceded his injuries were a result of an incidental head butt,and during the time of this injury to victim appellant knife was on floor of car.Even though hearing examiner and parole commission was aware of these matters commission still relied on this information to render its decision,and made an adverse decision at that against.... appellent.The law is clear in <u>SELLERS v. BUREAU OF PRISONS</u>,959 f2d.307, (D.C.cir.1992).as the information contained in an agency files is capable of being verified then under sections552a(e)(5) and (g)(1)(c)of the Act the agency must make reasonable steps to maintain the accuracy of information to insure fairness to the individual.Now this in fact has not been done by parole commission to simply note in its records these matters were challenge and to avoid any adverse decision being made because of bad information.See SELLERS v. BUREAU OF PRISONS 959 f2d.307(D.C.cir.1992).Again by commission having knowledge this information could possibly be bad... and did nothing about it to protect appellant rights to due process is in a matter of speaking intentional disregard to appellantrecords and files, limited rights under Privacy Act,again appellant contends that parole.... agency wilfully and intentionally failed to maintain its records,and as a result adverse decisions were made against appellant,one thing was that appellant parole guideline increased,and as a result appellant will be punished due this unreliable information,action violating the law.Why ... should appellant have to pay a extra penalty for some one else criminal acts when the law clearly states if a agency intentionally maintain bad records or file ...especially after being put on notice on numerous time by appellant (parole agency)that it will be liable to that individual for money damages and what the court deems fair.5 USC § 552a (g)(4).

Appllellant understand commission do not have the authority to amend PSI. or correct it,butappellant believe commission has and obligation to...... protect appellants rights, so commission had a obligation to at lease note the discreptancies that been challenge.especially after evidence was provided to this agency by appellant,again to ignore information is, in fact deliberate and intentional disregard for appellants rights under Privacy Act.Also commission duty was to ensure that all challenged information is not used to make adverse determinations against appellant.SEE SELLERS v.BUREAU OF PRISONS. 959 f2d.307 (D.C.cir.1992).Appellant made every effort to ensure parole commission were aware that the information disemminated to its agency was in fact inaccurate,parole commission again did nothing.these wilful and intentional acts by commission appellant,... appellant believe its the court duty to recognize these unjust actions by commission and use its athority to compel commission to comply with the language in 5 USC § 552a(g)(4).Also order parole commission to note in its files all challenge information,and further award appellant actual damages for all the hardship appellant has suffered due to this bad information..

   Appellant,here argue he is not arguing the facts of legal conclusions, but in fact appellant challenge factual statements that in fact are continuosly affecting any decision about appellant presently or in the near.... future.To rely on alledge factual statements that are in fact unreliable and the agency relying on this faulty information,who's aware of it,must take responsibility for its action just as appellant has taken responsibity for his wrong for the pass 19-years of prison.No one is above the law I pray the court recognize that parole commission is making its own laws and rules and one is violating appellants Privacy rights to be judge by truth not misleading information.

   For reasons stated herein Appellant pray Honorable court grant this motion.

(5)

ACKNOWLEDGEMENT OF DISMISSAL OF DISTRICT OF COLUMBIA
AS DEFENDANT IN THIS COMPLAINT WITHOUT PREJUDICE.

Petitioner, acknowledge District Of columbia is no longer a party to this complaint as a Privacy Act Complaint, and ask court to continue its previous holding, to dismiss with out prejudice.

/s/ _Dennis W. Powe_

I HEREBY CERTIFY THAT ON THIS 23th DAY OF APRIL 2007,A COPY OF THE FOREGOING MOTION OF APPEAL OF RULING ON NOEMBER 17th2006 dismissing appellant complaint,was mailed prepaid postage to:ERIC JANSON(Attorney, for Parole Commission)5550FRIENDSHIP BLVD. CHEVY CHASE,MARYLAND.20815-7296.

SINCERELY,SUBMITTED

*Dennis W. Power*